## JAMES v. LOUISIANA.

No. 23, Misc.   Decided October 18, 1965.

*G. Wray Gill, Sr.,* for petitioner.

*Jack P. F. Gremillion,* Attorney General of Louisiana, *M. E. Culligan,* Assistant Attorney General, and *Jim Garrison* for respondent.

PER CURIAM.

The petitioner was convicted by a Louisiana jury of possession of narcotics and was sentenced to imprisonment for 10 years.  The Supreme Court of Louisiana set aside the conviction on the ground that it was based upon evidence seized without a warrant during an illegal search.  246 La. 1033, 169 So. 2d 89.  Upon rehearing, however, that court affirmed the conviction by a divided vote.  246 La. 1053, 169 So. 2d 97.  We grant the motion to proceed *in forma pauperis* and the petition for certiorari and reverse the judgment.

Police officers arrested the petitioner near the intersection of Camp Street and Jackson Avenue in the City of New Orleans, after he had alighted from an automobile driven by another man.  The officers then drove the petitioner to his home, more than two blocks away.

They broke open the door and for several hours conducted an intensive search which finally yielded the narcotics equipment and single morphine tablet that constituted the basis of the petitioner's subsequent conviction.

The Supreme Court of Louisiana found that the officers had probable cause to arrest the petitioner at the time they apprehended him, and the validity of his arrest is not here in issue. In the circumstances of this case, however, the subsequent search of the petitioner's home cannot be regarded as incident to his arrest on a street corner more than two blocks away. A search "can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest." *Stoner* v. *California,* 376 U. S. 483, 486. See also *Preston* v. *United States,* 376 U. S. 364.

Under the doctrine of *Mapp* v. *Ohio,* 367 U. S. 643, see also *Ker* v. *California,* 374 U. S. 23, it was constitutional error to admit the fruits of this illegal search into evidence at the petitioner's trial. Accordingly, the petition for certiorari is granted, the judgment is reversed, and the case is remanded to the Supreme Court of Louisiana for further proceedings not inconsistent with this opinion.

*It is so ordered.*