THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* TOMÁS LUIS RISCARD, Defendant and Appellant.

Nos. CR-66-240,     Decided November 8, 1967.
CR-66-241.

*Francisco Coll Moya* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz Collazo, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On March 31, 1965, appellant was convicted by a unanimous jury for the traffic of heroin in violation of the Narcotics Act of Puerto Rico.[1] On that same date he was convicted by a court without a jury of a violation of the Weapons Law.[2] The violation of the Narcotics Act is a felony and that of the Weapons Law is a misdemeanor. The sentence imposed on him for the violation of the Weapons Law provides that it shall run concurrently with the sentence for the other offense.

### The Case of the Weapons Law

The only error that appellant assigns is that the search in which the gun was obtained was unlawful. It is neces-

---

[1] 24 L.P.R.A. § 974z.

[2] 25 L.P.R.A. § 416.

sary, therefore, to examine briefly the facts in order to pass judgment on this assignment.

Because of the facts which later gave rise to his prosecution and conviction for violating the Narcotics Act, a bench warrant was issued against appellant. To carry out his arrest, the special agent of the Drugs and Narcotics Division of the Department of the Treasury, Luis Montañez Robles, went to appellant's house accompanied by agent Miguel F. Lucca, of the same Division.

When the agents arrived at appellant's house, they knocked at the door, and when the latter opened the door they identified themselves, and agent Montañez Robles informed him that he had a warrant for his arrest. Appellant ran towards a room of the house, the agent pursued and overtook him. There was a struggle, in which appellant's wife also intervened, but the agent overpowered appellant. On a closet shelf which was in that same room, and which was not locked, the agent found a loaded gun.

The circumstances of this case reveal that the search was reasonable and incidental to, and contemporaneous with, a legal arrest. Therefore, the search was legal and the evidence obtained was admissible. The rule which permits the searches contemporaneous with an arrest is justified because of the necessity or convenience of seizing weapons and other objects which can be used to attack a peace officer or to carry out an escape, and also because of the necessity and convenience of avoiding the destruction of evidence, something which could occur if the weapons or the evidence are found on the defendant or in his immediate vicinity. This right to a contemporaneous search and to a seizure of weapons and evidence not only covers the person who is being legally arrested, but also extends to the premises and things which are under his immediate control. *James* v. *Louisiana*, 382 U.S. 36, 37 (1965); *Preston* v. *United States*, 376 U.S. 364, 367 (1964) and cases cited therein; *Stoner* v. *California*,

376 U.S. 483, 486 (1964); *People v. Miranda*, 79 P.R.R. 125, 128 (1956) and cases cited therein; *Murray v. United States*, 351 F.2d 330, 334 (1965).

The instant case falls clearly under the aforesaid rule which has been repeatedly upheld. The search was incidental to a legal arrest; the search was limited to the premises in which appellant was arrested, and in which appellant offered resistance and a struggle ensued; the search was justified since weapons or other type of evidence could be seized. The weapon, which was on a closet shelf which had the door shut but not locked, could have easily been grabbed by appellant if he could have gotten loose from the agent, or it also could have been grabbed by appellant's wife, who had already physically intervened in the struggle, creating thus a very serious and dangerous situation for the agent of the Department of the Treasury, as well as for appellant and his wife. This is not the case of an unreasonable search, as that which took place in *James v. Louisiana, supra*, in which after having arrested a person the police without a search warrant searched a house which was situated more than two blocks away from where said person was arrested. Clearly the search there was not contemporaneous with the arrest nor was it limited to the premises where the arrest was made. The error assigned was not committed.

### The Narcotics Case

In this case appellant assigns five errors which we will mention and discuss below. The first assignment reads:

"The Court erred in instructing the gentlemen of the jury on what should be understood by accomplice, and in invading the function of the gentlemen of the jury in its mission as jury."

In his instructions to the jury, the judge expressed the following:

"I must tell the gentlemen of the jury that for the purpose of this case the special agent who testified herein, Julio Colón Barreto, is not an accomplice of the defendant for which reason his testimony need not be corroborated with other evidence." (T.E. 41.)

From the transcript of the evidence it appears that the special agent of the Drugs and Narcotics Division, Julio Colón Barreto, as well as the supervisor, César Delgado, identified themselves fully as special agents of the Drugs and Narcotics Division of the Department of the Treasury, and they testified that their work consisted in pursuing the unlawful traffic of narcotics. Their testimonies on this aspect are explicit and clear. The defense did not question this at any time, and the record does not give basis for any doubt on who Colón Barreto was, and what his work was.

■■ The evidence fully reveals that Colón Barreto was a special government agent engaged in pursuing the unlawful traffic of narcotics. The facts as well as his own testimony so reveal it. The trial judge did not err in instructing the jury that Colón Barreto was not an accomplice, and that his testimony did not have to be corroborated. The instruction given by the judge was an ingredient of law which said judge could have very well explained in his instructions. See *People* v. *Rodríguez*, 84 P.R.R. 287, 289 (1961); *People* v. *Adorno*, 81 P.R.R. 504, 530 (1959); *People* v. *Rivera*, 79 P.R.R. 783, 784 (1957).[3]

The second error assigned is rather a second elaboration of the first. Appellant alleges that the court erred in instruct-

---

[3] It is necessary to distinguish the term "accomplice", used in this context in reference to the admissibility of the evidence, from the term "accessory" of the substantive criminal law contained in § 37 of the Penal Code in force (1937 ed.); 33 L.P.R.A. § 83. In the substantive criminal law all persons concerned in the commission of a crime or who abet in its commission are principals and not accessories. Accessories are those who, after full knowledge that a felony has been committed, conceal it from the proper authorities, or harbor and protect the person charged with or convicted thereof. 33 L.P.R.A. §§ 82 and 83.

ing the jury that the testimony of Colón Barreto did not need corroboration because the latter is a special agent who acted as undercover agent. As it appears from our discussion of the first error, that was the case, and the instruction in that respect was correct. The second error assigned was not committed either.

■ It is alleged in the third assignment that the court erred in instructing the jury "with relation to the weight that the evidence of former convictions of the defendant could have in the consideration of the case." The assignment lacks merit. Appellant testified that he had been formerly convicted twice in the United States for violation of the Narcotics Act. To that respect, the judge charged the jury in his instructions:

"It means that that evidence is not evidence in this case. You must not consider that evidence to determine whether or not the defendant is guilty of the facts charged against him in this case."

■ The fourth assignment alleges that the court erred in instructing the jury in the sense that it was not necessary to establish that appellant acted in common agreement with the other person who appeared as defendant in the information. The error assigned was not committed. The situation was as follows, in this case there were two defendants: appellant and another person. In his instructions the judge properly explained that at the trial which had just taken place and on which the jury must pass judgment, the defendant was the appellant and not the other person. He stated "this case deals only with an information against this defendant. You must determine whether this defendant committed the violation of law with which he is charged. The defendant, Roberto Sánchez, is not before us at this moment. You cannot decide whether he is guilty or not of this crime because he is not here."

400

■ The fifth assignment alleges that the court erred "in instructing the gentlemen of the jury with relation to the value or weight of the evidence." In the argument of this error it is not specified what instruction is challenged. The argument made is to the effect that there was much delay in prosecuting the defendant. The facts occurred on December 17, 1963, and the complaint was filed on May 15, 1964. The special agent explained that an effort was being made to bring all drug dealers to justice, and that if a complaint were filed immediately said effort would be frustrated. It is of general knowledge that in matters of the more or less organized crime, such as the unlawful traffic of narcotics, its persecution must abide by certain determined plans. Otherwise, the peace officers would be impotent to deal with this social cancer. *People* v. *Superior Court*, 81 P.R.R. 445 (1959); *People* v. *Seda*, 82 P.R.R. 695 (1961); *People* v. *Sánchez Castillo*, judgment of February 17, 1966. In any event, the offense in question could be prosecuted because it had not prescribed. 33 L.P.R.A. §§ 231–233; *Pérez Vega* v. *Superior Court*, 93 P.R.R. 730 (1966).

For the reasons stated the judgment appealed from in both cases contained in this opinion will be affirmed.

Mr. Justice Belaval did not participate herein.