238

Commonwealth *v.* One 1963 Cadillac (Watson).

Argued December 13, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William D. Harris,* with him *Klovsky, Kuby & Harris,* for appellant.

*I. Harry Checchio,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION PER CURIAM, March 20, 1969:
Order affirmed.
MONTGOMERY, J., dissents.

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from an order of forfeiture of an automobile entered pursuant to the Liquor Code Act of April 12, 1951, P. L. 90, §6-601, 47 P.S. 6-601.

On April 8, 1968, a Philadelphia patrolman stopped the automobile in question one hour after it had been observed by a Liquor Control Agent, being loaded with large paper bags while standing at the rear of a liquor store in Oaklyn, New Jersey. The policeman arrested the driver and asked if he could search the trunk of the car. She replied that she did not have the key with her. Thereupon, the policeman made an unsuccessful attempt to view the interior of the trunk by removing the back seat. Following this attempt, the car was taken to a police station. There, the police, through use of a master key, opened the car trunk and discovered contraband liquor. This led to the driver's conviction and forfeiture of her car.

Prior to opening the trunk the police had ample opportunity to obtain a search warrant but failed to do so.

In this appeal, the car owner argues that the forfeiture order should be vacated, because it rests on evidence which was the product of an illegal search of the trunk at the police station. Specifically, she maintains that the police were not empowered to open her car trunk at the police station without a search warrant, because this action was neither substantially contemporaneous with or confined to the immediate vicinity of her arrest and, therefore, was not incident to it.

In my view, this case is governed by *Commonwealth v. Cockfield*, 431 Pa. 639, 246 A. 2d 381 (1968). There, the Supreme Court eliminated much of the confusion which previously surrounded the legality of warrantless searches of automobiles. In language directly ap-

plicable to the facts in the instant case, the Court stated at 643-644:

"Whenever practicable, the police must obtain advance judicial approval of searches and seizures through warrant procedure, and the failure to comply with the warrant procedure 'can only be excused by exigent circumstances.' Terry v. Ohio, 392 U.S. 1, 20, 88 S. Ct. 1868, 1879 (1968).

"One permissible exception from the warrant procedure exists for searches which are incident to a lawful arrest. A search incident to a lawful arrest and without a warrant is justified in part by the need to prevent the disappearance or destruction of evidence. Preston v. United States, 376 U.S. 364, 84 S. Ct. 881 (1964). Thus, such a search may extend to things under the accused's immediate control, such as an automobile, Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280 (1925), but only if the search is substantially contemporaneous with the arrest, Preston v. United States, supra; James v. Louisiana, 382 U.S. 36, 86 S. Ct. 151 (1965) (per curiam).

"It is clear in this case that neither the original search of the trunk of the automobile, when the challenged evidence was first discovered, nor the subsequent search and seizure of the evidence were contemporaneous with and confined to the immediate vicinity of Cockfield's arrest. Thus, the search and seizure were not incident to the arrest. In its brief, the Commonwealth at least impliedly concedes this, but still maintains that the searches and seizure were made with probable cause and were reasonable under the circumstances.

"While it is true that the United States Supreme Court has upheld a warrantless search of an automobile which was not incident to an arrest, Cooper v. California, 386 U.S. 58, 87 S. Ct. 788 (1967), this was

so because a state statute required that the automobile be impounded by the police, pending the outcome of forfeiture proceedings, as evidence of the crime for which the owner was lawfully arrested. In those circumstances, the search of an automobile already lawfully seized was reasonable.

"The unique justification for the warrantless search in Cooper v. California, is not present here. Nor do we see any other justification making this warrantless search reasonable. Certainly a search without a warrant is not reasonable simply because the officers have probable cause to believe that incriminating evidence will be disclosed. Jones v. United States, 357 U.S. 493, 78 S. Ct. 1253 (1958). If this constituted 'exigent circumstances,' it would be almost impossible to think of a case in which a warrant would be necessary."

Accordingly, I would hold that the search of the automobile at the police station was improper in that it was not incidental to an arrest and was conducted without a search warrant.

I would reverse the order of the court below and return the automobile specified in this case to its owner.

----

DISSENTING OPINION BY SPAULDING, J.:

I agree with Judge HOFFMAN that the warrantless search of appellant's car was not incident to her arrest, as it was neither in the immediate vicinity of, nor substantially contemporaneous with the arrest. However, before holding the search unlawful, I believe it necessary to deal with the applicability of *Cooper v. California*, 386 U.S. 58 (1967) to the instant case.

In *Cooper*, the Supreme Court upheld a warrantless search of a car which had been impounded by police under a statute requiring the police to hold for forfeiture proceedings any vehicle used to transport

narcotics. In distinguishing *Preston v. United States*, 376 U.S. 364 (1964), which is the basis for *Commonwealth v. Cockfield*, 431 Pa. 639, 246 A. 2d 381 (1968), the Court in *Cooper* relied exclusively on the fact that the car was seized for forfeiture proceedings:

"[T]he reason for and the nature of the custody may constitutionally justify the search . . . . Here the officers seized petitioner's car because they were required to do so by state law. They seized it because of the crime for which they arrested petitioner. They seized it to impound it and they had to keep it until forfeiture proceedings were concluded. Their subsequent search of the car . . . was closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained. The forfeiture of petitioner's car did not take place until over four months after it was lawfully seized. It would be unreasonable to hold that the police, having to retain the car . . . had no right . . . to search it." 386 U.S. at 61.

The Pennsylvania Liquor Code, 47 P.S. §6-601, provides: "No property rights shall exist in any . . . vehicle . . . used in the . . . illegal transportation of liquor . . . and proceedings for its forfeiture to the Commonwealth may, at the discretion of the board, be instituted . . . . No such property when in the custody of the law shall be seized or taken therefrom on any writ of replevin or like process." While the Code does not expressly require police to seize a vehicle illegally transporting liquor, they clearly have the authority to do so. The fact that the Code does not *require* seizure and impounding, as was the case in *Cooper*, does not mean that that decision is inapplicable when a vehicle has in fact been seized under the Code. However, this difference necessitates distinguishing *Cooper* from the instant case.

In *Cooper*, a statute directed that the car be held for forfeiture and the seizure and police custody were based exclusively upon this statute. The challenged search took place 1 week after the car was impounded and was in all respects "incident" to the forfeiture proceedings. The language of *Cooper* quoted above clearly indicates that the validity of the search stemmed from the *purpose* for which the car was initially seized and subsequently detained, and the relationship between the search and this purpose.

In the case at bar, however, the arresting officers were not required to seize the car for forfeiture and there is no indication that it was so seized prior to the search. The first attempt to search the trunk of the car was made when appellant was arrested. This attempt was unavailing as appellant did not have the trunk key with her and attempts to view the interior of the trunk by removing the back seat were unsuccessful. The car was then taken to a police station where a master key was obtained and the trunk opened. This sequence of events indicates that the car was taken to the station *to be searched,* not as part of the routine procedure for impounding it pending forfeiture proceedings.

*Cooper* clearly did not intend to permit the bare existence of a forfeiture statute to create an exception to the general rules governing search incident to arrest. Rather, the rationale of the decision applies only to searches made in the course of the forfeiture process. While I would not hesitate to apply *Cooper* were it clear that the search was a result of seizure of the car for forfeiture under §6-601, the facts negate this possibility here. Since *Cooper* does not apply and the search was not incident to arrest, I would reverse the order of the court below.