**Hazel Newby CREASY, Appellant,**

v.

**Evelyn LEAKE, Superintendent of the Virginia Industrial Farm for Women, Appellee.**

**No. 13003.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1969.

Decided Feb. 12, 1970.

**70**

John M. Goldsmith, Radford, Va. (court-assigned counsel), for appellant.

Edward J. White, Asst. Atty. Gen. (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and MERHIGE, District Judge.

BUTZNER, Circuit Judge:

Hazel Newby Creasy, appealing from denial of habeas corpus relief for conviction of murder in the first degree, assigns as error that evidence obtained by illegal search and seizure was improperly admitted at her trial. We conclude that the writ should issue subject to the right of the Commonwealth to retry her within a reasonable time.

The facts leading to Mrs. Creasy's conviction may be briefly stated. After a period of marital troubles, Mrs. Creasy left her husband on March 11, 1965 and moved into an apartment occupied by her two sons. Eighteen days later she went to her husband's apartment in the back of a restaurant he operated to remove her belongings. A waitress and a customer in the restaurant, hearing shots, fled the building and called the sheriff's office. A deputy sheriff soon arrived and found Mr. Creasy wounded, kneeling outside the restaurant. As the deputy approached, Mrs. Creasy fired at her husband. Mr. Creasy fled around the restaurant with Mrs. Creasy firing a pistol in pursuit. Mr. Creasy dropped fatally wounded behind the restaurant, and Mrs. Creasy fell near the side of the building with a self-inflicted wound.

After Mr. and Mrs. Creasy had been taken to a hospital by ambulance, the deputy and a state police officer searched the apartment that Mrs. Creasy had been sharing with her sons. This apartment is on the second floor of a building located some 60 to 90 feet from Mr. Creasy's restaurant and apartment.

That night the deputy and a state police officer, accompanied by the county's prosecuting attorney and a photographer, again searched without a warrant the apartment where Mrs. Creasy had been living. The deputy seized nine fired cartridge cases, an empty box which had contained a new pistol, and a partially consumed bottle of whiskey. Photographs of the room, the fired cartridges, and the empty pistol box were introduced into evidence by the prosecution. An arrest warrant for Mrs. Creasy, issued later the same night, was executed on her several days later.

■ With the exception of a one-week period while she visited elsewhere, Mrs. Creasy had lived in her sons' apartment with their permission from March 11, 1965 until March 29, 1965 when the officers made the search. This is sufficient to give her standing to object to an illegal search of the room. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Walker v. Pepersack, 316 F.2d 119 (4th Cir. 1963).

■ The search of Mrs. Creasy's apartment must be tested by the interpretation of the Fourth Amendment that governed searches prior to Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).* The state

---

* The search could not meet the test of Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), which permits a search incident to arrest to extend only to "a search of the arrestee's person and the area 'within

urges that the search by pre-*Chimel* standards was reasonable because it was incident to a lawful arrest. In Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964), the Court said, after discussing the need to seize weapons that might be used against the police and to prevent the destruction of evidence, "these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." In Stoner v. California, 376 U.S. 483, 486, 84 S.Ct. 889, 891, 11 L.Ed.2d 856 (1964), the Court emphasized, "a search can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest."

■ The deputy sheriff had probable cause to arrest Mrs. Creasy at the scene of the crime, and we may assume for the purposes of this opinion that she was taken into custody and was technically under arrest when she was placed in an ambulance. The officers, however, did not conduct their search until after she had been removed to the hospital. The apartment they searched was a considerable distance from the place alongside the restaurant where she was taken into custody. Thus, the search was neither contemporaneous with the arrest nor in its immediate vicinity. The search was so remote in time and place that even under pre-*Chimel* interpretation of the Fourth Amendment it cannot qualify as a reasonable search incident to a lawful arrest. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). Nor can the search pass muster on the theory that it was the continuation of an investigation launched in Mrs. Creasy's presence. James v. Louisiana, 382 U.S. 36, 86 S.Ct. 151, 15 L.Ed.2d 30 (1965).

■ The Commonwealth urges that even if the search were illegal, admission of its fruits was, nevertheless, harmless error because of the other overwhelming evidence against Mrs. Creasy. We find, however, only partial substantiation of this position. Undoubtedly there was overwhelming proof by legally admissible evidence of Mrs. Creasy's commission of a homicide, but the photographs and the seized articles had a significant bearing on the degree of homicide for which she could be convicted. Consequently, we cannot say that admission of this evidence was "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); accord, Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The judgment of the district court is reversed, and this action is remanded for the issuance of a writ of habeas corpus. Execution of the writ may be stayed for a reasonable time to permit the Commonwealth to retry Mrs. Creasy.

his immediate control'—construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence." However, the exclusionary rule of Chimel is to have only prospective application in this circuit.

Porter v. Ashmore, 421 F.2d 1186 (4th Cir. 1970). Accord, United States v. Bennett, 415 F.2d 1113 (2d Cir. 1969); Lyon v. United States, 416 F.2d 91 (5th Cir. 1969); Williams v. United States, 418 F.2d 159 (9th Cir. 1969).