Claude COMEAUX, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Respondent-Appellee.

No. 71–3505.

United States Court of Appeals, Fifth Circuit.

July 5, 1972.

Richard M. Olsen, New Orleans, La. (court appointed), for petitioner-appellant.

Claude Comeaux, pro se.

Stacy Moak, Asst. Atty. Gen., Baton Rouge, La., James N. Stansbury, Lafayette, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

Claude Comeaux was convicted of aggravated burglary in a Louisiana court and sentenced to imprisonment for thirty years. On direct appeal he contended that a piece of cloth and a pair of pinking shears, introduced at trial for the purpose of connecting him with the burglary, had been illegally seized during a search of his home in violation of the Fourth Amendment. The Louisiana Supreme Court, two Justices dissenting,

affirmed the conviction. State v. Comeaux, 1968, 252 La. 481, 211 So.2d 620.

Comeaux then sought Federal habeas corpus relief, again challenging the validity of the search. The District Court dismissed the petition without an evidentiary hearing, concluding that under the standards prescribed by 28 U.S.C.A. § 2254(d) and Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 the State court proceedings conclusively established that the petitioner was not entitled to relief.

We vacate and remand for further development of the facts. On the authority of James v. Louisiana, 1965, 382 U.S. 36, 86 S.Ct. 151, 15 L.Ed.2d 30 the Louisiana Supreme Court explicitly rejected the State's theory that the search was incident to the defendant's arrest, while the facts delineated in Justice Barham's dissenting opinion strongly suggest that the search warrant was invalid, 211 So. 2d at 625. The only remaining justification is the purported consent to the search given by Comeaux's wife, allegedly obtained after she was arrested and confined in the parish jail with her husband and after she was shown a warrant upon which the State has consistently declined to rely in attempting to establish the search's legality. "When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent." Bumper v. North Carolina, 1968, 391 U.S. 543, 550, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797, 803.

 Obviously, however, not every consent to a search is automatically vitiated simply because a tainted warrant is immediately or remotely involved, since the State may still carry "the burden of showing that the consent was given sufficiently independent of the warrant to remove the taint of its coercive nature." Hoover v. Beto, 5 Cir.,

1971, 439 F.2d 913, 920, pending rehearing en banc. Resolution of individual cases depends almost entirely upon the specific factual context. We cannot conclude that the State proceedings have adequately established that context here in view of the factual uncertainties surrounding Mrs. Comeaux's presence in the jail and the circumstances under which she accompanied the officers to her home for a further search. An evidentiary hearing in the District Court will provide a true picture of what really happened.

Vacated and remanded.

Before RIVES, BELL and MORGAN, Circuit Judges.