Andrew NOVAK, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 56970.

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

Marvin Q. Silver, Murray Stone, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Assist. Atty. Gen., St. Louis, for respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, after evidentiary hearing, of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of burglary, second degree, and stealing.

On April 20, 1967, Andrew Novak, Jr., was convicted by a jury of burglary, second degree, and stealing. Pursuant to that verdict and upon finding nine prior convictions, as charged, the court assessed his punishment at 10 years' imprisonment for burglary and five years' imprisonment for stealing, the terms to run concurrently. Sentence and judgment were pronounced accordingly and, on June 10, 1968, the judgment of conviction was affirmed, State v. Novak, Mo., 428 S.W.2d 585.

On July 14, 1969, Andrew Novak, Jr., while in the Federal Correctional Institution, located at La Tuna, Anthony, New Mexico, filed "a petition for a motion to vacate and set aside judgment and sentence in the form of a motion for a writ of coram nobis," alleging as grounds for relief:

"I. The knowing use by the prosecution of testimony or documentary evidence known by it to be false, fraudulent, perjured or forged. II. The wilfull and deliberate suppression by the prosecution of evidence impeaching its case and favorable to the defendant. III. The false representations made to the court and jury by the prosecution. IV. The failure by the prosecution to correct testimony or documentary evidence which it, or any agency of the state knows or should know is false, fraudulent, perjured or forged."

On September 29, 1970, Andrew Novak, Jr., now in the Missouri State Penitentiary, filed motion under Rule 27.26, supra, alleging as all his grounds for relief: "(a) Artical 1, Section 15, Missouri Constitution [V.A.M.S.]. First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, Fourteenth Amendment, of our U.S. Constitution. Plus—Known use of perjury, by State's Witness'es. Suppression of, and concealment of evidence to prove my innocence. (b) Statement's by other parties hidden, who were arrested in my home, at the time of arrest. Concealment of facts, Proving I neither borrowed, Loaned, Stole, nor am even able to drive said truck, Used in Alleged Crime, due to total blindness in one eye, and Extrem[e]ly poor sight in other. (c) Dog handler hidden, Crime lab report, and truck owner hidden, as made statement in my behalf. Withholding of evidence is Reversable Error."

On February 23, 1971, the evidentiary hearing was accorded, at the outset of which it was stipulated that all grounds in the application for Writ of Error Coram Nobis were incorporated in the motion under Rule 27.26. Appellant's brief clarifies all such grounds as assertions: "that the State of Missouri suppressed and concealed evidence which would prove appellant's innocence; that the State knowingly used perjured witnesses; that his attorney failed to properly represent him and failed to properly perfect his appeal to this Court from his convictions; that the evidence against him was illegally obtained, that his arrest was illegal, and that under the facts he could not have been guilty; that in view of all of the aforesaid, his rights were violated under the Missouri Constitution and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States."

The evidence adduced at the hearing may be quoted from the statement in appellant's brief:

"Appellant stated that his chief complaint was the illegality of the search and seizure involved herein. * * * the appellant also complained that his counsel did not properly represent him. These are the two major points in his Application for Relief under Supreme Court Rule 27.26.

"The Appellant stated that he was the sole occupant of the premises at 809 Allen Avenue in the City of St. Louis. He further testified that his premises consisted of three rooms, and that at the time of his arrest on the date in question, he was present with Mattie Maddox, Sharon Lyons, Dottie Dixon and Tom Maddox. When you enter the house by its only entrance, you make entrance into the kitchen, then into the bedroom, and then into the living room. At the time that the officers in question entered the premises, they entered into the kitchen and made no announcement that they were police officers until they got into the middle room. The kitchen was dark, the living room was dark, and the middle room light was on. Everybody was in the living room except Mattie Maddox. She was on the porch. After the officers came into the living room, they took the appellant into the kitchen. The search was not made until the store manager came about an hour and a half later and helped search the rooms. At that time the appellant was handcuffed. There was no merchandise in the living room, where the appellant and his friends were initially found. The merchandise in question was located in the middle room; there was none in the kitchen. When the officers walked into the apartment through the

kitchen into the living room, the appellant was immediately placed under arrest, and also the three people who were with him. The search of the apartment was conducted after the appellant was placed under arrest. The entire apartment was searched. The appellant stated that he was in business and had much merchandise of his own in his premises and that he had bills of sale for said merchandise.

"The appellant complains that he was in the apartment for over an hour and a half, handcuffed, until the store manager came and the police and store manager then searched the rooms. They started in the kitchen where the appellant had been taken by the officers, and then went into the living room and the middle room. At that time there were probably ten detectives and police officers present in the premises. At that time the appellant was accused of having stolen merchandise in his possession.

" * * * He complained that in his appeal to the Supreme Court that his attorney did not specifically brief the point of illegal search and seizure. The appellant felt that just a general objection to these violations was not sufficient, and that counsel should have raised specific objections. He also complained that his counsel felt that he should not testify and he did not, but that the appellant felt that he should have. However, the appellant did discuss this aspect with his attorney, and he did accept his attorney's opinion and advice. Movant also felt that his counsel should not have admitted in his Brief to the Supreme Court that the State made a case against him. However, most of these complaints made by the appellant in his testimony were things that took place after the Supreme Court of Missouri had determined the case.

"In addition thereto, the appellant complained that when there were conferences between the Judge and the opposing counsel, that he should have been consulted on the points which they were discussing. Appellant did admit that he had known his

counsel for about eight or nine years; that counsel had represented him in previous cases, but that he did not learn that his counsel was an incompetent attorney until the trial was going on. However, he did not make any complaint about his counsel's inefficiency during the course of the trial. He did complain to people in the Courtroom about his representation by his counsel, but he never did complain to his attorney. It was after the Supreme Court had determined the matter and the decision was made known to him that at that time he felt that his ultimate recourse should have been to the Federal Court; that his counsel stated that he would appeal all the way to the United States Supreme Court but he did not do this.

"The appellant introduced into evidence a letter that he had received from his counsel stating that in the event he lost the case in the Supreme Court of Missouri, that he would proceed further in behalf of appellant. Mr. Mastorakos, appellant's attorney, testified as a witness for the appellant. He stated he had been practicing law since 1957; that he represented the appellant, Andrew Novak, Jr., in the trial in the Circuit Court and also took the appeal to the Supreme Court of Missouri. He stated that he was a retained lawyer and had been partially paid by Mr. Novak, Jr. He stated that there was no disagreement between the defendant and himself during all of the time that he represented the appellant and that he kept the appellant fully advised of the circumstances and that the appellant accepted his advice. He stated that the appeal to the Supreme Court of the State of Missouri was based only on two points, both of which were related to probable cause relative to the search and seizure. He stated that he had talked to the appellant relative to the appeal, and informed him that he felt that the State had made a case against Andrew Novak, Jr. and that the only chance of winning the appeal was on the question of the search and seizure, in light of the evidence which had been produced. He stated that he discussed this feature with Andrew Novak, Jr.

in person and that the appellant was satisfied with his decision. He stated that he had protected the rights of the appellant at all phases of the trial, and that he had filed a Motion to Suppress the evidence against the appellant and that these Motions were renewed at the trial. He stated that he had discussed the question of the appeal with Andrew Novak, Jr. and that they had agreed that the sole points of the appeal should be the legality of the search and seizure. He felt that in his opinion that there were no grounds for pursuing any other points in the Motion for a New Trial or appeal.

"Counsel for the appellant at the trial stated that the appellant was out on bond and that this gave him freedom to talk with the appellant, and that Andrew Novak, Jr. on numerous occasions came to confer with him at any time that they both desired and that they had no limitations. He further stated that they had discussed the question of whether or not Mr. Novak should take the stand and testify. The appellant felt that judging from past experiences, he did not think that it was wise for him to take the stand because of his background. He stated that they definitely reached this conclusion after the jury was impaneled, in view of his record of nine previous convictions and with the type of jury they had. Mr. Novak did not thereafter question that decision.

"Counsel for the defendant further stated that he did best within the confines of his capabilities to afford Mr. Novak the best possible defense, and that there was nothing that Mr. Novak raised during the course of the trial that might possibly have been overlooked." [1]

The court made these pertinent findings and conclusions in denial of relief: That movant's allegations of violation of rights under Article I, Section 15, Missouri Constitution, and under Amendment IV, United States Constitution, to be secure in persons, homes, and effects against unreasonable search and seizure, had been previously ruled, State v. Novak, supra; that his allegations of violation of rights under Amendment I, United States Constitution, to peaceably assemble, conviction by perjured testimony, suppression and concealment of evidence favorable to accused, statements by parties hidden in his home, concealment of facts respecting use of truck, blindness, and poor sight, and dog handler hidden, were not supported by any evidence; that allegations of violation of rights under Amendment V, United States Constitution, by failure to charge by indictment, were not shown because defendant was in fact charged by grand jury indictment; that allegation of violation of rights under Amendment VI, United States Constitution, were not shown because defendant had a speedy trial by jury with counsel and confrontation of witnesses; that allegations of violation of rights under Amendment XIV, United States Constitution, were not shown because defendant was lawfully arrested, afforded jury trial, and that any property taken from him was taken pursuant to arrest; that defendant had competent counsel at trial, on appeal, and in connection with recovery of personal property; and, finally, "The defendant's motion for post conviction relief rests mainly on allegations that his arrest was without probable cause and, therefore, illegal; that by reason thereof the search and seizure on October 18 and 19, 1966, of his home was illegal; that the evidence admitted at his trial of items seized at his home should have been suppressed. The Court having found that these issues were presented to and decided against defendant by the Supreme Court in defendant's direct appeal, a motion under Supreme Court Rule 27.26 cannot be used as a substitute for a second appeal. It has been repeated-

---

1. This statement should be compared with the detailed statement from the original trial transcript, particularly the description of the incidents of arrest and search and seizure, adduced without benefit of testimony from defendant. See State v. Novak, supra, 428 S.W.2d l.c. 587–590 [1].

ly ruled by our Supreme Court that issues disposed of by the Supreme Court on review of the original judgment are not to be renewed in a collateral attack by a motion pursuant to Supreme Court Rule 27.-26."

Appellant's sole contention on this appeal is: "The trial court erred in refusing to suppress the evidence at the trial of the movant, because even if the officers had probable cause to believe a felony had been committed and that the person or persons responsible were within appellant's apartment, the search of defendant's entire apartment and entire premises was violative of defendant's rights under the constitution of the United States since it was not contemporaneous with his arrest and was not confined to the immediate vicinity of his arrest."

In presenting this point, appellant asserts: "Andrew Novak, Jr., Movant, at the time of his hearing under Rule 27.26 limited his evidence to two major points; firstly, the legality of his arrest and the search and seizure thereafter, and, secondly, the competency of his Trial Counsel. This latter point, if it has any merit, which is doubtful, is mostly hindsight. The testimony in this respect by both Movant and his Trial Counsel are consistent in that they both stated they had discussed all features of the trial many times. The Movant's only complaints seem to be whether or not defendant should have testified in his own behalf and what points should have been raised in the Appellate Brief filed in the Missouri Supreme Court. These points, the testimony of both attorney and client shows, were discussed and mutually determined by them. Accordingly, this claim of Movant has little merit in this appeal and will not be discussed herein." He also recognizes, as he must, that "The Supreme Court in appellant's appeal on the merits as reported in State v. Novak, 428 S.W.2d 585, discusses the questions of the appellant's rights under the United States Constitution as relates to his arrest and to the search of his premises and the seizure of

evidence located in his apartment, where the arrest was made." Reference to State v. Novak, supra, 1.c. 590–591, shows the same contention now presented to have been there stated in that appellant then contended "the court erred in rulings on his motion to suppress and objections to evidence because: (I) 'The police officers' forced entry into appellant's apartment was made without probable cause to arrest (appellant) * * * and constituted an unreasonable search and seizure * * * .' (II) 'Even if the officers had probable cause to believe a felony had been committed and that the person or persons responsible were within appellant's apartment the officers' forceable entry was unreasonable under all the facts and circumstances present and was in violation of appellant's rights under the IV and XIV Amendments of the Constitution of the United States and Article I, Sections 15 and 19 of the Missouri Constitution.' "

Counsel at the evidentiary hearing also recognized the prior statement and ruling of this contention in his statement to the court that "the only thing I am going into is search and seizure. We are trying to make a record for the purpose of properly pursuing this further. As I told the Court in the pre-trial conference, I think it is fairly close, and probably some of this is res adjudicata; but I feel, since I have been appointed to represent Mr. Novak's rights in this court, the Supreme Court, and also the Federal Court, this matter should be gone into again." And reference to State v. Novak, supra, 1.c. 592 and 593, shows that the two contentions of unreasonable search and seizure were ruled adversely to defendant-appellant, now movant-appellant, Andrew Novak, Jr.

■ In such circumstances, the trial court's ruling that the issue of unreasonable search and seizure was not properly presented in the present proceeding under Rule 27.26 since it had been presented to, and decided against, appellant by this court on appellant's direct appeal is not clearly erroneous. See Rule 27.26(b)(3), that a

proceeding under the rule cannot be used as a substitute for a second appeal. See also Caffey v. State, Mo., 454 S.W.2d 518, that it would not be error to deny the motion without an evidentiary hearing in circumstances akin to those now presented.

In an effort to overcome the consequences of this demonstrated prior adjudication of his contention, appellant argues that the decision on direct appeal was based "largely" on United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 and that it has since been overruled by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

■ It is true with respect to United States v. Rabinowitz, supra (and Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399), that Chimel v. California held "that on their own facts, and insofar as the principles they stand for are inconsistent with those that we have endorsed today, they are no longer to be followed." 395 U.S. 768, 89 S.Ct. 2043. However Chimel v. California "is not retroactive and is not applicable to searches conducted prior to the decision in that case [June 23, 1969]." Williams v. United States, 401 U.S. 646, 651, 91 S.Ct. 1148, 1151, 28 L.Ed.2d 388. As a consequence, even if it be assumed that Chimel v. California overruled United States v. Rabinowitz as applied in State v. Novak, such rule would not now entitle movant to relief because State v. Novak preceded Chimel v. California by more than a year.

Appellant also cites Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, and James v. Louisiana, 382 U.S. 36, 86 S.Ct. 151, 15 L.Ed.2d 30, neither of which is helpful to him. The first dealt with whether an officer could "stop and frisk" suspicious characters even without probable cause for arrest and held the officer could do so; the second involved arrest of an accused as he alighted from an automobile driven by another man, after which the officers drove accused to his home, broke his door, and conducted an extensive search of the home, which search ultimately yielded a single morphine tablet, a distinguishable fact situation.

■ As previously indicated (and for good reason), appellant has not advanced any discussion of ineffective assistance of counsel. Suffice to say, as indicated by appellant and as shown by the statement, the evidence on such issue was in conflict, the court resolved the conflict, and the resolution is neither contended nor shown to be clearly erroneous. Rule 27.26, supra.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.