**UNITED STATES of America**

v.

**Timothy Walter STINE.**

**Crim. A. No. 77–314.**

United States District Court,
E. D. Pennsylvania.

June 13, 1978.

---

Douglas H. Westbrook, Sp. Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Stephen Robert La Cheen, Philadelphia, Pa., for defendant.

OPINION AND ORDER

HUYETT, District Judge.

On October 21, 1977, defendant Stine was found guilty by a jury of one count of unlawful receipt of a firearm (rifle) by one who has been convicted of a crime punishable by imprisonment for a term exceeding one year (18 U.S.C. § 922(h)(1)), and one count of unlawful possession of a firearm (pistol) by one who has been convicted of a felony (18 U.S.C. App. § 1202(a)(1)). Defendant filed motions for judgment of acquittal and for a new trial. Following oral argument held in open court on May 26, 1978, we deny the motion for judgment of acquittal and grant the motion for a new trial in respect to both counts.

1. With respect to the motion for judgment of acquittal, we believe that the evidence submitted at trial, viewed in a light most favorable to the Government, is sufficient to justify a jury verdict of guilty beyond a reasonable doubt. *United States v. Pratt*, 429 F.2d 690 (3d Cir. 1970). The jury found that Stine illegally received an Auto Ordnance .45 caliber semi-automatic rifle and illegally possessed a Ruger Super Blackhawk .44 magnum revolver. The evidence shows that Stine selected the rifle at the Army-Navy store, paid for it, carried it out of the store, and later returned to make a purchase of a straight magazine for the rifle. Although the record owner of the rifle was Sherry Stine, the defendant's wife, the jury was entitled to find that she purchased the rifle as a straw party. Regarding the possession of the pistol, the evidence shows that the defendant made the initial inquiry concerning the purchase of the pistol, selected the pistol, accompanied his wife to the sporting goods store to obtain the pistol, and knew the pistol's location. Further, the pistol was located in a place equally accessible to both husband and wife. The above evidence, we conclude, is sufficient to support a guilty verdict as to both counts.

2. The defendant raises several grounds for his motion for a new trial. The defend-

ant's major contention is that we erred in failing to suppress a rifle seized pursuant to an allegedly illegal search. This rifle was seized during a search undertaken after a warrant had been obtained from a federal magistrate. Defendant contends that the affidavit upon which the search warrant was issued failed to allege facts upon which probable cause could be found. We agree.

The affidavit, which is attached hereto [see Appendix A], states that Stine "illegally received and possessed" a rifle "after a straw purchase of the firearm by his wife Sherry Ann Stine, at the Army & Navy Store." The affidavit further states that the Treasury Form executed by Mrs. Stine gives as her residence 312 S. Wyomissing Avenue, Shillington, Pennsylvania. The affidavit relates the arrest of Timothy Stine and states that following his arrest and apprisal of his *Miranda* rights, Stine was asked "if the [rifle] was in his van. Stine stated that the firearm was not in the van but that it was at his house." Additionally, Stine's conviction of a felony is recited in the affidavit. The record here shows that no other evidence was brought to the attention of the magistrate; however, earlier that same day, the same magistrate executed a warrant for the arrest of the defendant. The complaint presented at that time, attached hereto [see Appendix B], also states that the allegations therein are based upon "sworn statements of witnesses that Timothy Stine illegally received and possessed the [rifle] on June 10, 1977 after a straw purchase of the firearm by his wife, Sherry Ann Stine."

■ The Fourth Amendment provides that "No warrants shall issue, but upon probable cause, supported by Oath or affirmation, . . ." In a case such as this, involving the possession of an item not normally considered to be contraband, probable cause is not made out unless there are facts to support the conclusion that the defendant, a felon, illegally received or possessed the firearms. The possession or receipt of the rifle by the defendant's wife is not a criminal act.

In *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court set forth several guidelines for considering the sufficiency of an affidavit upon which a warrant has been issued. First, *Aguilar* states that a reviewing court may consider "only information brought to the magistrate's attention." *Id.* at 109 n. 1, 84 S.Ct. at 1511. Second, an affidavit may not be issued without a statement of adequate supporting facts. Mere conclusory statements are not sufficient. Finally, *Aguilar* held that, where an affidavit is based upon hearsay information, the magistrate must be informed of some of the underlying circumstances known to the informant upon which the informant based his conclusions, and of the underlying circumstances known to the officer which support his conclusion that the informant is credible or his information is reliable. *Id.* at 114, 84 S.Ct. 1509.

■ Viewing the affidavit in this case in light of the applicable law, no facts are alleged in the affidavit to support the conclusion that defendant illegally received and possessed the firearms. The statement that the purchase of the rifle was "straw", in itself, is insufficient to support a finding of probable cause, since it is merely a conclusory statement. No facts are alleged elsewhere in the affidavit which support the conclusion that the purchase was straw. Furthermore, Stine's statement at the time of his arrest that the rifle was at his house is not sufficient to constitute probable cause. Since the record owner of the rifle was Mrs. Stine, as the affidavit clearly states, the defendant would reasonably have knowledge of the location of the rifle. However such knowledge does not establish possession or receipt by the defendant.[1]

---

1. The testimony given by the agent at the suppression hearing was that Stine also stated, after he gave the location of the rifle, that the rifle was not his but his wife's. This additional exculpatory statement was not included in the affidavit.

The Government urges that, since the magistrate was aware of the contents of the complaint sworn earlier that same day, we should read the complaint and the affidavit together. To do so, contends the Government, would be a "commonsense and realistic" interpretation. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). However, assuming *arguendo* that the complaint may be considered in determining if probable cause existed, the deficiencies of the affidavit are not cured by the complaint. The complaint alleges no underlying facts to support the witnesses' conclusion that the purchase was straw, nor does the complaint set forth the identity of the witnesses or support their credibility. *Aguilar v. Texas, supra. Cf. United States v. Burke,* 517 F.2d 377 (2d Cir. 1975).

■ Finally, the Government argues that from the size of the weapon and the physical characteristics of the woman making the purchase, the magistrate could have inferred that the purchase was straw. However, there is no evidence on the record that this information was brought to the attention of the magistrate, and "the reviewing court may consider only information brought to the magistrate's attention." *Aguilar v. Texas, supra.*

■ In short, the affidavit submitted here did not contain any underlying facts sufficient to support a finding of probable cause, but instead contained the conclusions drawn by the agent assigned to the case. However, the Fourth Amendment requires that such conclusions and inferences "be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), *quoted in Aguilar v. Texas, supra.*[2] Therefore, we conclude that the warrant is invalid and that we erred in admitting into evidence the rifle seized pursuant to the warrant.

■ 3. After the seizure of the rifle at the defendant's house, and before the agent had an opportunity to search further, Stine was asked if there were other firearms in the house. Stine's attorney was present at the time. The agent's testimony is that Stine hesitated, spoke briefly to his attorney, and then admitted that there was a pistol in the second floor bedroom. We found that, considering the circumstances surrounding this search and the fact that Stine's lawyer was present at the time, consent to this search was voluntarily given.

In view of our finding that the search warrant is invalid, however, we are impelled to reconsider our finding that there was voluntary consent to search for the pistol. Under the holding of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), we must suppress the pistol if we find that it was the fruit of an illegal search. In a proper case, a voluntary consent may break the chain of causation between an illegal search warrant and a subsequent search. *See e. g., United States v. Watson,* 423 U.S. 411, 425, 96 S.Ct. 820, 46 L.Ed.2d 598 (Powell, J., concurring); *Comeaux v. Henderson,* 462 F.2d 1345 (5th Cir. 1972). The search in this case was voluntary in the sense that it was neither coerced

---

2. The Supreme Court has recently reaffirmed the importance of the magistrate's function in assuring that the Fourth Amendment's strictures against unreasonable searches and seizures are maintained. *See Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978); *Zurcher v. Stanford Daily,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). In *Zurcher,* for example, the Court concluded that the review of a neutral and detached magistrate was sufficient to guard against the dangers inherent in issuing warrants for the search of newspaper offices. As aptly stated by Justice Powell in his concurrence, "the *magistrate* must judge the reasonableness of every warrant in light of the circumstances of the particular case, carefully considering the description of the evidence sought, the situation of the premises, and the position and interests of the owner or occupant." *Id.* at 570, 98 S.Ct. at 1984 (Powell, J., concurring) (emphasis added).

nor fraudulently induced by the Government. However, where the voluntary consent itself is the fruit of the illegal search warrant, the Government may not be heard to rely upon that consent alone to break the chain of causation between the illegality and further fruits. *Cf. Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *United States v. Belle*, No. 77–1903 (3d Cir. 1978).

■ Under the circumstances here, we believe that the consent to search clearly was the fruit of the illegality. Several factors lead us to this conclusion. First, the illegal search for the rifle immediately preceded the consent. Thus, there was little time for the defendant to reflect and make an independent decision or for intervening circumstances to lead the defendant to conclude that he should consent to the search. Second, the warrant on its face describes "firearms" as the property to be seized. Thus, it is reasonable to assume that Stine and his lawyer believed that the search warrant would authorize a search for the pistol and consented to the search on those grounds alone. *See Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). We do not believe that the presence of the defendant's attorney, by itself, is sufficient to break the *Wong Sun* chain of causation between the illegal search warrant and the search for the pistol. This is especially true where, as here, the warrants' defects are not apparent on the face of the document. We conclude that the seizure of the pistol was a product of the search pursuant to the illegal warrant and that, therefore, we erred in admitting the pistol into evidence.

4. Defendant challenges the denial of a mistrial following the testimony of defendant's former attorney, Mr. Dimitriou. Mr. Dimitriou was called to testify concerning the prior commission of a felony, and crime punishable by more than one year, which are elements of the crime charged. During the course of his testimony, Dimitriou testified concerning two kinds of information to which defendant objected at trial: 1. information concerning a prior arrest of the defendant in which the complaint was subsequently dismissed and 2. details of the state indictment for which defendant was subsequently convicted, including a discussion of the fact that defendant was convicted on several counts and a discussion of the nature of those offenses. Defense counsel at that time moved for a mistrial on the basis that the evidence given was irrelevant and prejudicial.

■ Evidence of prior conviction is relevant as an element of the crimes charged. However, while we do not believe that the Government is limited to proving only one prior conviction, *United States v. Smith*, 520 F.2d 544 (8th Cir. 1975), we do believe that it was improper and prejudicial to introduce the additional evidence of the defendant's arrest and the details of his conviction. This additional evidence is more prejudicial than proof of the commission of one felony because it may have suggested to the jury that the defendant is a habitual law-breaker, which, in a case where a critical issue is the defendant's intent, may have unduly influenced the jury. *Cf. United States v. Spletzer*, 535 F.2d 950 (5th Cir. 1976).

■ 5. Defendant also objects to the testimony offered by an ATF agent who is a firearm expert concerning the place of manufacture of the firearms. Defendant contends that such evidence alone is not sufficient to prove the element of interstate shipment of the firearms. However, we conclude that this expert testimony, based upon the expert's observation of the serial numbers on the handle of the firearms, and in the absence of contradictory evidence, is sufficient.

6. Finally, defendant challenges our failure to charge the jury properly with respect to receipt and possession of the firearms. However, after reviewing the charge again, we conclude that, taken as a whole, the charge was proper.

Appendices to follow.

APPENDIX A

In support of the issuance of this search warrant your affiant states the following:

1.  That on April 22, 1974 Timothy Walter Stine was convicted in the Berks County
    Court of Common Pleas, Reading, Pennsylvania, of possession and sales of
    narcotics, crimes punishable by terms of imprisonment exceeding one year.

2.  That on April 28, 1977, as a result of the execution of a Commonwealth of
    Pennsylvania Search Warrant, two firearms were seized from the premises
    312 S. Wyomissing Avenue, Shillington, Berks County, Pennsylvania.

3.  That on June 10, 1977 Timothy Walter Stine, a previously convicted felon,
    illegally received and possessed an Auto Ordnance Corporation model 1927A-1
    .45 caliber semi-automatic rifle bearing serial #3381, after a straw purchase
    of the firearm by his wife, Sherry Ann Stine, at the Army & Navy Store,
    3400 North 5th Street Highway, Reading, (Muhlenberg Township), Berks County,
    Pennsylvania.

4.  That in connection with the purchase of the firearm Sherry Ann Stine executed
    Department of Treasury ATF Form 4473, Firearms Transaction Record, indicating
    her residence as 312 S. Wyomissing Avenue, Shillington, Pennsylvania.

5.  That on June 21, 1977 at approximately 1:37 P.M. Timothy Walter Stine was
    arrested by your affiant pursuant to a U. S. Magistrate's Arrest Warrant
    issued June 21, 1977 for the arrest of Timothy Walter Stine.

6.  That having been advised of his constitutional rights relating to his right to
    remain silent and his right to advice of counsel and after having stated that
    he understood these rights as they were explained to him, Stine was asked by
    Special Agent Charles A. Friedrichs if the Auto Ordnance .45 caliber rifle
    was in his van. Stine stated that the firearm was not in the van but that it
    was at his house, (312 S. Wyomissing Avenue, Shillington, Berks County,
    Pennsylvania).

7.  That 18 USC, 922(h)(1) makes it unlawful for any person who has been convicted
    of a crime punishable by imprisonment for a term exceeding one year to receive
    any firearm which has been shipped in interstate commerce.

8.  That 18 USC, Appendix 1202(a)(1) prohibits any person who has been convicted
    of a felony from receiving or possessing firearms.

9.  That 18 USC, 924(d) provides for the seizure and forfeiture of any firearm
    or ammunition involved in any violation of the provisions of 18 USC, Chapter 44.

10. That by virtue of over seven years experience as a Special Agent with the
    Bureau of Alcohol, Tobacco and Firearms, your affiant is familiar with firearms.

11. That Auto Ordnance .45 caliber semi-automatic rifles are manufactured in
    West Hurley, New York, 12491.

Your affiant believes that the above is sufficient probable cause for the issuance of
the U. S. Magistrate's Search Warrant for the entire premises at 312 South Wyomissing
Avenue, Shillington, Berks County, Pennsylvania, residence of Timothy Stine, described
as the right half of a red brick two story duplex with a dormer having a white window
rim, black shutters, a gray porch and a black rought iron railing identified by the
numbers 312 on a mailbox on the front porch.

                                        Charles A. Friedrichs, Special Agent
                                        Bureau of Alcohol, Tobacco & Firearms

## APPENDIX B

### 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
#### FOR THE

EASTERN JUDICIAL DISTRICT OF PENNSYLVANIA

Magistrate's Docket No. _6-77_

Case No. _28 M_

UNITED STATES OF AMERICA

v

Timothy Walter Stine
312 S. Wyomissing Avenue
Shillington, Pennsylvania

COMPLAINT for VIOLATION of

U.S.C. Title 18

Section s 922(h)(1), App. 1202(a)(1)

BEFORE ___Charles M. Guthrie___,      Reading, Pennsylvania ___,
  *Name of Magistrate*                                          *Address of Magistrate*

The undersigned complainant being duly sworn states:

That on or about      June 10      , 1977 , at 3400 North 5th Street Highway,

Reading (Muhlenberg Township), Berks County                                in the

Eastern      District of   Pennsylvania

(1) Timothy Walter Stine

did(2) illegally receive and possess a firearm: to wit; an Auto Ordnance Corporation model 1927A1 .45 caliber semi-automatic rifle bearing serial number 3381 after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year.

And the complainant states that this complaint is based on

1. Examination of records maintained by the Berks County Court of Common Pleas, Reading, Pennsylvania which reflect that on April 22, 1974 Timothy W. Stine was convicted of possession and sales of narcotics, crimes punishable by terms of imprisonment exceeding one year.

2. Sworn statements of witnesses that Timothy W. Stine illegally received and possessed the Auto Ordnance Corporation model 1927A1 .45 caliber semi-automatic rifle bearing serial number 3381 on June 10, 1977 after a straw purchase of the firearm by his wife, Sherry Ann Stine.

And the complainant further states that he believes that  Special Agent Charles A. Friedrichs

are material witnesses in relation to this charge.

_____ ,
                          *Signature of Complainant.*

Special Agent, Bureau of ATF ___ ,
                          *Official Title.*

Sworn to before me, and subscribed in my presence, _____ , 19 77 .

_____ ,
                          *United States Magistrate.*

(1) Insert name of accused.
(2) Insert statement of the essential facts constituting the offense charged.

FPI LC 2-73 100M #403