**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Rogelio Sanchez ENRIQUEZ, Defendant-Appellee.**

**No. 81-1164.**

United States Court of Appeals, Fifth Circuit.

May 6, 1982.

Sidney Powell, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellant.

Luis Sequra, San Antonio, Tex. (Court-appointed), for defendant-appellee.

Before GARZA, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

On the evening of December 9, 1980, DEA agent Albert Castro and San Antonio police arranged with a confidential informant to purchase a quantity of cocaine from defendant-appellee Rogelio Sanchez Enriquez. Original plans called for the sale to take place at a Denny's Restaurant in San Antonio. Enriquez, however, told the

informant that delivery of the cocaine would take place at a local food store, Centeno's Market. This information was relayed to the police and DEA surveillance agents who observed Enriquez leave his meeting with the informant and drive to Centeno's Market. Having parked in the lot outside, Enriquez sat in his car for several minutes and then went into the store. Shortly thereafter, Enriquez returned to the car, and when it appeared to the agents that he was preparing to leave, Enriquez was approached by DEA agents, pulled from the car and placed under arrest. While he was being searched and handcuffed, an agent searched defendant's car and discovered a black lunch pail next to the driver's seat. The officer seized the lunch pail, and after opening it, found inside a quantity of cocaine packaged in plastic.

Enriquez was charged with the unlawful possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the defendant-appellee moved to suppress the evidence obtained in the warrantless search. The district court granted the motion finding the search illegal under *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) and *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). The United States appeals this order pursuant to the provisions of 18 U.S.C. § 3731.

At the outset, we note that no party disputes the validity of Enriquez' arrest. The sole issue before us is whether the cocaine found in the lunch pail during the warrantless search of defendant-appellee's automobile as incident to his arrest should have been suppressed by the district court. We find that this issue is controlled by the Supreme Court's decision in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), a case decided subsequent to the district court's decision in the present case. Today, we hold that the district court erred when it suppressed the cocaine found in the search of Enriquez' automobile.

In *New York v. Belton, supra*, the Supreme Court seemingly set forth a prophylactic rule permitting the warrantless search of the passenger compartment of any automobile or vehicle, as well as the search of any container within the passenger compartment, whenever such a search is incident to a lawful arrest. Through the pen of Justice Stewart, the Court stated.

> [We] hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within the reach of the arrestee, so also will containers in it be within his reach.

*Id.* at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775. The Supreme Court's decision in *Belton* clarified the principle established in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) by creating a "workable rule" defining " 'the area within the immediate control of the arrestee' when that area arguably includes the interior of an automobile and the arrestee is its recent occupant." *New York v. Belton, supra* at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 774. In *Belton*, the Court found that the warrantless search of the arrestee's vehicle was legal even though the search occurred when the arrestee was outside the automobile and no longer had access to any items within the passenger compartment. Applying the Court's holding to the facts of this case, it is quite clear that the search of the lunch pail found in the front seat of Enriquez's automobile was proper. Accordingly, we find that the district court erred in granting defendant's motion to suppress the evidence.

REVERSED.