James Lewis RUSSELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-81-01009-CR.

Court of Appeals of Texas, Dallas.

Dec. 7, 1982.

Rehearing Denied Jan. 11, 1983.

Discretionary Review Refused April 13, 1983.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, SPARLING and WHITHAM, JJ.

WHITHAM, Justice.

·Appellant appeals from a conviction for possessing cocaine. The court assessed punishment at three years in the Texas Department of Corrections. We affirm.

The sole issue relates to the validity of the seizure of the cocaine. Appellant contends that the trial court erred in denying his motion to suppress evidence and in admitting the cocaine into evidence. Dallas police officer Bulin stopped appellant's vehicle for traffic offenses. Bulin approached the vehicle and detected a strong odor of marijuana coming from the vehicle's interior. Bulin arrested appellant for driving under the influence of drugs. He then began a search of the vehicle and found in the ashtray a partially burned marijuana cigarette. Bulin then seized a canvas bag from the front seat of the vehicle and transported it to his squad car. His search of the canvas bag yielded a "small, brown opaque, closed bottle." He seized the bottle, removed it from the canvas bag, opened it, and observed therein a white powder. Offi-

cer Bulin did not have any warrant authorizing the foregoing activity. A subsequent analysis of the bottle's contents revealed the presence of cocaine, which forms the basis of appellant's conviction.

Appellant concedes that his arrest for driving while under the influence of drugs was lawful and that the arresting officer had the right to conduct a search incidental to that arrest without first obtaining a warrant and without needing probable cause independent of the probable cause required for the arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Appellant contends, however, that a search incidental to an arrest must be limited in time, place, and scope: it must occur at the scene of the arrest and must be contemporaneous with the arrest, *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), *Vale v. Louisiana,* 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970), *James v. Louisiana,* 382 U.S. 36, 86 S.Ct. 151, 15 L.Ed.2d 30 (1965), *Agnello v. United States* 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); it must be limited to the arrestee's person or the area within his immediate reach, *Chimel v. California, supra;* and it must be limited to a search for weapons or evidence of the offense for which the arrest was made. Appellant argues that Bulin's removal of the canvas bag from appellant's vehicle to his squad car before searching it destroyed any right to search it, or its contents (such as the bottle), incidental to appellant's arrest since the search of the bag and the bottle occurred well after appellant had been arrested, after appellant had been removed from the scene, and after the bag was removed from the place of arrest, citing *United States v. Chadwick, supra; Vale v. Louisiana, supra.* Appellant further argues that since he was handcuffed and seated in the rear of the squad car, the bag and its contents were not within his immediate reach or under his control, citing *Coolidge v. New Hampshire,* 403 U.S. 443, 456–458, 91 S.Ct. 2022, 2032–2034, 29 L.Ed.2d 564 (1971). Appellant asserts that the search of the bottle violated his rights under the Fourth Amendment to the Constitution of the United States and Article 1, § 9 of the Constitution of Texas.

On the other hand the state contends that the recent United States Supreme Court decision in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) is controlling. At oral argument, appellant conceded that if *Belton* is applied retroactively, then it is indeed controlling and that his sole ground of error should be overruled. We conclude that *Belton* controls disposition of this case and that it applies retroactively. In *Belton,* the Supreme Court stated:

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.[4]

Note 4. "Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.

 To avoid the obvious application of *Belton* to the present case, appellant argues that *Belton* expounded new constitutional rules affecting criminal trials requiring prospective, rather than retroactive, application. Appellant argues that since the search and seizure in question occurred prior to the date of the decision in *Belton,* its holding should not be applied in this case. We disagree. We conclude that *Belton* does not require a choice between prospective or retroactive application of new constitutional doctrine. Thus, we do not reach a consideration of the three criteria guiding resolution of the question of prospective or retroactive application in cases where the choice

must be made. *See Desist v. United States,* 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). The reasons why we conclude that *Belton* does not require a choice between prospective or retroactive application are as follows: *Belton* did not depart from previous holdings of the Supreme Court, no prior Supreme Court case was overruled; *Belton* was not a "clear break from the past." *Desist v. United States, supra. Belton* presents no new constitutional rule. Rather, *Belton* provides, in automobile cases, a "workable definition of 'the area within the immediate control of the arrestee'." The definition is: the passenger compartment of the automobile and the contents of any containers found within the passenger compartment. Citing *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, the Supreme Court in *Belton* points out that searches following a lawful custodial arrest "have long been considered valid because of the need to remove any weapons that the arrestee might seek to use in order to resist arrest or effect his escape and the need to prevent the concealment or destruction of evidence." *Belton* further points out that no straightforward rule has emerged as to "the proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants," citing both state and federal decisions to illustrate the disarray. The decision in *Belton* then proceeded to describe the proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants to be as follows: the passenger compartment of the automobile and the contents of any containers found within the passenger compartment. We conclude that a decision of the Supreme Court that defines the scope of searches that "have long been considered valid because of the need to remove any weapons that the arrestee might seek to use . . . and the need to prevent the concealment or destruction of evidence" involves old constitutional doctrine—not the application of new constitutional doctrine. We hold, therefore, that *Belton* is to be applied to searches and seizures that occurred prior to the date of the decision in *Belton.* The search and sei-

zure in the present case occurred before that date. Accordingly, we conclude that the search of the bottle did not deprive appellant of rights secured under the Fourth Amendment to the United States Constitution.

We turn next to appellant's contention that the search of the bottle deprived him of rights secured by Article 1, § 9 of the Constitution of Texas. We conclude that the search did not violate appellant's right under the Constitution of Texas. In disposing of this contention we first determine if Article 1, § 9 of the Constitution of Texas affords appellant a greater protection against searches and seizure than that provided by the Fourth Amendment of the Constitution of the United States. In *Belton* the Supreme Court established "the workable rule this category of cases requires." The Supreme Court expressed the need for that "workable rule" as follows:

When a person cannot know how a court will apply a settled principle to a recurring factual situation, that person cannot know the scope of his constitutional protection, nor can a policeman know the scope of his authority.

We agree.

What is there said with respect to knowledge of the scope of an individual's constitutional protection and of a policeman's authority also applies to searches and seizures under the Constitution of Texas. In this instance we perceive no need for one rule under the Constitution of the United States and another under the Constitution of Texas. Accordingly, we conclude that under Article 1, § 9 of the Constitution of Texas, the proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants is as defined by the Supreme Court in *Belton.* Therefore, as to the search and seizure at issue in the present case, Article 1, § 9 of the Constitution of Texas does not afford an individual greater protection against searches and seizure than that provided by the Fourth Amendment of the Constitution of the United States. We hold, therefore, that the search of the bottle did not deprive appel-

lant of rights secured under Article 1, § 9 of the Constitution of Texas. This holding should not be read to mean that Article 1, § 9 of the Constitution of Texas can never afford an individual greater protection against searches and seizures than that provided by the Fourth Amendment of the Constitution of the United States.

Affirmed.

STOREY, Justice, concurring.

I concur. I agree that *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), should be applied retroactively. Contrary to the premise stated in the majority opinion however, I conclude that *Belton* did present a "clear break with the past" within the meaning of *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). This is so despite the fact that *Belton* was not a complete reversal of position from *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Before *Belton, Chimel* permitted evidence seized incident to arrest that was found on the defendant or within his immediate control—the so called "arms-reach" doctrine. The Court in *Belton* draws a bright line between the passenger compartment and the trunk regardless of the extent of control. *Belton* relaxes the restriction on auto searches incident to arrest by police officers. This lessened restriction on the authority of police officers is a "clear break with the past."

Precisely because this break with the past was in favor of the discretion of law enforcement authorities, there is no difficulty in applying the rule of *Belton* retroactively. In *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), the Supreme Court held that any judicial enlargement of the exclusionary rule would be given retroactive effect only when "the law enforcement officer had [reasonable] knowledge that the search was unconstitutional under the Fourth Amendment" at the time of the search. When the restrictions on police searches are relaxed however, the policy of the exclusionary rule of deterring illegal police conduct no longer

applies. *Cf. Kemner v. State*, 589 S.W.2d 403, 407 (Tex.Cr.App.1979). In *Kemner* the rule of *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), that the warrantless search of the defendant's footlocker at the police station over an hour after his arrest was not incident to the arrest, was applied prospectively only because *Chadwick* further restricted police conduct and the police officers had no reason to know that their conduct was unconstitutional since it was not unlawful before *Chadwick*. Here, applying *Belton*, we are able to relax the restriction on police activity because the Supreme Court would no longer have the courts exclude evidence that formerly was inadmissible but which the Supreme Court no longer views as tainted by an unlawful search. There is no policy basis for not applying *Belton* retroactively. Moreover there are numerous federal cases that have applied *Belton* retroactively without discussing the issue of prospective application. *See, e.g., United States v. Enriquez*, 675 F.2d 98 (5th Cir. 1982); *United States v. Russell*, 670 F.2d 323 (D.C.Cir.1982), *cert. denied*, —— U.S. ——, 102 S.Ct. 2909, 73 L.Ed.2d 1317 (1982); *Virgin Islands v. Rasool*, 657 F.2d 582 (3rd Cir.1981). Because these cases apply *Belton* retroactively without discussing the issue of prospective application, they are perhaps of some authority for the proposition that we need not decide that issue. I consider it to be the controlling issue to the validity of the search in this case however, because at oral argument the result under *Belton* was conceded by appellant.

Affirmed.