STATE OF NEW JERSEY, PLAINTIFF, v. MARLON S.
CUELLAR, CARLOS A. MEDINA, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided March 17, 1986.

*Raymond J. Zeltner,* for plaintiff (*John H. Stamler,* Prosecutor of Union County, attorney).

*Joseph W. Spagnoli* for defendant Cuellar (*Spagnoli & Thuring,* attorneys).

*Rodney Bryson* appearing *pro hac vice* for defendant Cuellar.

*Francis X. Hermes,* for defendant Medina (*Thiele & Hermes,* attorneys).

*H. Frank Rubio,* appearing *pro hac vice* for defendant Medina.

MENZA, J.S.C.

This is a motion to suppress. The question in this case is whether the removal of an automobile seat and door panel pursuant to a search incident to an arrest violates the permissible scope of a search authorized by the Supreme Court in *New York v. Belton,* 453 *U.S.* 454, 101 *S.Ct.* 2860, 69 *L.Ed.*2d 768 (1981).

Defendants are the driver and passenger of an automobile which was stopped by a police officer for speeding on the New Jersey Turnpike. The driver was asked for his credentials and while he was searching for them in the glove compartment, the police officer observed a switchblade knife in the compartment in plain view. The police officer thereupon ordered defendants to exit the vehicle and searched them. A search of one defendant revealed a small vial of suspected cocaine. The police officer then placed both defendants under arrest, handcuffed and placed them in the police vehicle. He then commenced a search of the interior of the automobile incidental to the arrest. In the course of the search the police officer pulled the rear seat forward about two feet in order to look underneath, at which time he noticed that a wall panel situated under the arm rest of the automobile appeared to "pop out." The police officer then removed the seat entirely from the automobile, which exposed the entire panel, and pulled away the panel for the chassis. Using his flashlight, the officer made an observation of the area behind the panel and discovered a package in a well between the metal chassis and the frame of the car, which he suspected to be CDS.[1]

---

[1] It is conceded by the State that probable cause to search is not an issue in this case.

The area in which the drugs were found was not accessible without the seat first being removed and the wall panel pulled outward.

Defendant contends that the search exceeded the permissible scope authorized in *Belton*. In *Belton*, the Supreme Court delineated the permissible area of an automobile that could be searched incident to a lawful arrest and the rationale for that holding.

While the *Chimel* [*v. California*, 395 *U.S.* 752, 89 *S.Ct.* 2034, 23 *L.Ed.*2d 685 case established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of "the area within the immediate control of the arrestee" when that area arguably includes the interior of an automobile and the arrestee is its recent occupant. Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, if not inevitably, within "the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m]." [Citation omitted] In order to establish the workable rule this category of cases requires, we read Chimel's definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.2 [453 *U.S.* at 460, 101 *S.Ct.* at 2864; footnote omitted]

There is no doubt that under *Belton*, those areas that are readily accessible to a passenger in the compartment area of an automobile are included within the scope of the permissible search. Thus, the front and rear seats of an automobile, *U.S. v. Enriquez*, 675 *F.*2d 98 (5 Cir.1982), the floor area including under the floor mats, *Thomas v. State*, 415 *So.*2d 1246 (Ala. Crim.App.1982), the glove compartment, *State v. Bell*, 195 *N.J. Super.* 49, 58–59 (App.Div.1984), an ashtray, *Russell v. State*,

---

2In reaching its decision, the Court made it clear that principles of immediate control and accessibility articulated in *Chimel* remained valid. "Our holding today does no more than determine the meaning of *Chimel's* principles in this particular case and problematic content. It in no way alters the fundamental principles established in the *Chimel* case regarding the basic scope of searches incident to lawful custodial arrests." *Belton, supra,* 453 *U.S.* at 460 n. 3, 101 *S.Ct.* at 2864 n. 3.

644 *S.W.*2d 554 (Tex.Crim.App.1982), the hatchback area of an automobile, *U.S. v. Russell,* 670 *F.*2d 323 (D.C.Cir.1982), and any closed containers that could be opened with a minimum effort, *State v. Evans,* 181 *N.J.Super.* 455 (App.Div.1981); *State v. Kearny,* 183 *N.J.Super.* 13 (App.Div.1981), are all included in the area that is permitted to be searched. The specific question that is presented in this case is whether those areas of the automobile passenger compartment which are not readily accessible ʰo a passenger are similarly encompassed in the court's opinion.

There does not appear to be any cases which address this precise issue. The commentaries are helpful.

In his treatise on searches and seizures, Professor LaFave suggests that for the purposes of the *Belton* rule, a passenger compartment includes "all space reachable without exiting the vehicle, without regard to the likelihood in the particular case that such a reaching was possible." LaFave pointedly distinguishes these accessible areas from areas that would require some dismantling of the vehicle, such as a door panel interior or other places to which there is "virtually no chance an arrestee would have acquired access." 2 *LaFave, Search and Seizure: A Treatise on the Fourth Amendment,* § 7.1 at 218–219 and n. 46.19 (Supp.1986).

In another commentary analyzing *Belton,* the author reaches the conclusion that the permissible scope of the search authorized by the Supreme Court excludes not only the trunk of the automobile, but also any locked containers located within the passenger compartment of the vehicle. He, therefore, reasons that any areas of the passenger compartment which are similarly inaccessible to the ocupants of the vehicle are beyond Belton's bright line.

> A locked glove compartment or console, the interior of door panels, the upholstery of the car and the area under the floorboards should be treated the same way as any locked luggage or similar containers found inside the vehicle.... [A]n arrestee attempting to reach a weapon or evidence located in any of these areas would not only have to gain access to the automobile, but

would also have to unlock the glove compartment or console, rip the upholstery or dismantle the door or floorboard. These areas are therefore not readily accessible even to an arrestee who could gain access to the interior of the vehicle.... [D]rawing the line at areas of the passenger compartment that do not have to be unlocked, ripped open or dismantled in order to be reached by someone with access to the interior of the vehicle would still provide police officers with a bright-line rule they can easily apply. [Rudstein, "The Search of an Automobile Incident to an Arrest; An Analysis of *New York v. Belton*," 67 *Marq.L.Rev.* 205, 239–40 (1984)].

In the case of *U.S. v. Lyons*, 706 *F.*2d 321 (D.C.Cir.1983), which dealt with a warrantless search of a residence, the court defined the limits of a search made incident to a lawful arrest as follows: "To determine whether a warrantless search incident to an arrest exceeded constitutional bounds, a Court must ask: was the area in question at the time it was searched, conceivably accessible to the arrestee, assuming that he was neither 'an acrobat [nor] a Houdini'?" *Id.* at 330; citations omitted.

Accessibility is therefore the fundamental principle which provides not only the foundation for *Belton's* "bright-line" rule, but its parameters as well. The Court made it clear in *Belton* that the delineation of the passenger's compartment as a permissible area for a search incident to a lawful arrest was not an arbitrary one but was based on the rationale and generalization that a passenger's compartment is, in fact, "within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary item.'" It follows, therefore, that when it is impossible or virtually impossible for the arrestee to acquire access to a space while in the automobile, then this area must be deemed outside the passenger compartment. The evidence adduced at the hearing in this matter indisputably shows that the arrestees could not have reached behind the panel into the chassis while seated in the rear portion of the passenger's compartment unless they were "an acrobat or Houdini." The proofs are lacking that defendants are either.

The court concludes that the area behind the side door panel of the automobile was not accessible to the recent occupants of

the automobile, and therefore, the search of this area constituted an impermissible search.