Marcel v. State 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-92-062-CR

        TROY ANDRE MARCEL,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 56th District Court
Galveston County, Texas
Trial Court # 91CR0801
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          In this case the appellant was convicted in a jury trial for the unlawful possession of a
controlled substance, to-wit: cocaine. The indictment was enhanced by two prior felony
convictions. Prior to trial, Appellant filed a motion to suppress based upon an asserted unlawful
search and seizure. After hearing, the trial court denied the motion to suppress. The guilt stage
of the trial was tried before a jury which found Appellant guilty.
          Appellant agreed to accept a term of 25 years in the Texas Department of Criminal Justice,
Institutional Division, rather than proceeding with a full scale punishment proceeding. The State
abandoned the second enhanced previous conviction.
          Appellant asserts two points of error, both points contending the trial court erred in
overruling Appellant's motion to suppress because:
(1) The evidence did not reveal a warrantless search was justified; and
(2) There was not evidence of another criminal violation in plain view.
          We overrule both points of error and affirm the trial court's judgment.
          In the late afternoon of May 9, 1991, Officer Brian Riedel of the Galveston Police
Department was on patrol when he spotted Appellant consuming a beer while driving. Riedel
pursued him for eleven blocks with emergency equipment on before Appellant stopped. During
the pursuit, the officer observed him leaning over to one side which indicated to Riedel that he was
getting into his pocket. It concerned him because he believed Appellant was trying to get out of
his pocket either a gun or narcotics. Riedel then saw his shoulder moving like he was trying to
stuff something under the seat. When Appellant's car came to a stop, he got out of his vehicle and
walked towards the patrol car. Riedel asked him for his driver's license and his proof of
insurance. Appellant said he did not have a driver's license or proof of insurance. He could have
been arrested at that point for the three class c offenses. The officer ordered him to stay at the
back of the vehicle and saw a Bud Light can on the floorboard. He then pulled the cushion on the
seat back in order to get a better look at the center console area where he believed either a gun or
narcotics had been placed. He saw two tied-off bags of cocaine. Appellant was then placed under
arrest.
          This court need not review the propriety of the trial court's overruling this motion to
suppress, because Appellant's complaint was rendered moot when the State during the trial offered
the cocaine which was found in Appellant's car and Defendant-Appellant's counsel affirmatively
stated, "I have no objection, Your Honor." Moody v. State, (Tex. Crim. App. 1992) 827 S.W.2d
875, 889; Harris v. State, (Tex. Crim. App. 1983) 656 S.W.2d 481, 484.
          However, aside from the foregoing, the trial court did not err in denying the motion to
suppress. The officer saw Appellant in plain view drinking a can of beer while driving, in
violation of the Open Container Law, and thereby the officer possessed probable cause to arrest
Appellant and to conduct a search incident to arrest, which revealed the cocaine. See Chimel v.
California, (1969) 395 U.S. 752, 89 S. Ct. 2034 at page 2040 (syl. 3 and 4), 23 L. Ed.2d 685.
          When a policeman has made a lawful arrest of the occupant of an automobile, he may, as
a contemporaneous incident of that arrest, search the passenger compartment of the automobile. 
New York v. Belton, (1981) 453 U.S. 454, 460; 101 S. Ct. 2860, 2864; 69 L. Ed.2d 768; Russell
v. State, (Tex. App.—Dallas 1982, pet. ref'd) 644 S.W.2d 554, 555.
          Appellant's second point is also moot for the reasons hereinabove stated; however, aside
from this, Appellant's contention that there was not evidence of another criminal violation in plain
view is without merit. Officer Riedel plainly saw Appellant drinking a can of beer while driving
his automobile when the officer first saw him.
          We overrule both of Appellant's points of error and affirm the judgment of the trial court.
 
                                                                                 JOHN A. JAMES, JR.
                                                                                 Justice (Retired)

Before Justice Cummings,
          Justice Vance and
          Justice James (Retired)
Affirmed
Opinion delivered and filed January 13, 1993
Do not publish