UNITED STATES of America, Appellee,

v.

**Wayne Shelby SIMMONS, Appellant.**

No. 84–5347.

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1985.

Decided Sept. 30, 1985.

---

Warren Anthony Fitch, Washington, D.C. (Robinson & Kohlman, Washington, D.C., on brief), for appellant.

Peter D. Ward, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore, Md., Philip B. Barnes, Third Year Law Student on brief), for appellee.

Before HALL and SPROUSE, Circuit Judges, and GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

**K.K. HALL**, Circuit Judge:

Wayne Shelby Simmons appeals his jury convictions on two counts of possessing firearms after being previously convicted of a felony, in violation of 18 U.S.C.App. § 1202(a)(1)j.[1] Finding this appeal to be without merit, we affirm.

## I.

The undisputed evidence shows that on March 14, 1983, Simmons, who two and one-half years earlier had been convicted of a felony in the Circuit Court of Prince George's County, Maryland, sold a Smith and Wesson pistol to a licensed firearms and sporting goods business in Silver Spring, Maryland. The evidence further shows that on January 8, 1984, a rifle, manufactured by the Savage Arms Company, and a target pistol, manufactured by the Sterling Arms Company, were found, respectively, in the bedroom and in a storage closet in the garage of defendant's home.

On April 17, 1984, Simmons was indicted under 18 U.S.C.App. § 1202(a)(1) for two counts of possessing firearms after a prior felony conviction. Count I charged that Simmons "knowingly did unlawfully possess in commerce and affecting commerce" the Smith and Wesson pistol. Count II similarly charged defendant with unlawful possession "in commerce and affecting commerce" of the Sterling Arms pistol and the Savage Arms rifle.

At trial, the government attempted to prove the interstate commerce requirement of the offenses by offering into evidence two firearms trace forms of the Bureau of Alcohol, Tobacco and Firearms ("ATF"). According to the information supplied on these forms, the Smith and Wesson pistol was manufactured in Springfield, Massachusetts, and shipped to a Maryland distributor in 1972 and the Sterling Arms pistol was manufactured in Lockport, New York, and shipped to a Maryland distributor in 1978.

Bradley J. Parker, a special agent with the ATF in Maryland, testified that the trace is a routine ATF procedure, whereby the agency contacts the manufacturer of a weapon and requests its record custodian to complete, sign, and date an ATF form. The form verifies the place where the weapon was manufactured, as well as the date and place of initial distribution.[2] Agent Parker stated that as of the trial date, he had been employed by ATF for nine years and had conducted over a thousand similar traces. Agent Parker further testified that based on his experience, the Savage Arms Company had never manufactured weapons in Maryland and that, although he did not recall its name, "[t]here's only been one company in Maryland" which had ever manufactured weapons. Moreover, according to Agent Parker, he had never sent a trace form to Smith and Wesson outside of Springfield, Massachusetts, or to Sterling Arms outside of Lockport, New York.

Citing the Fifth Circuit's decision in *United States v. Davis*, 571 F.2d 1354 (5th

---

1. 18 U.S.C.App. § 1202(a)(1) provides in pertinent part that:
   Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony * * * and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. The form used in this case, ATF form F. 7520.-4, is divided into two parts. Part I, entitled "Record Search Information," was completed in each instance by Agent Parker, on June 26, 1984. This portion includes the name of the firearms manufacturer, the type of firearm, the model, caliber or gauge, capacity, barrel length, finish, serial number, country of origin, name and address of consignee, date shipped, and invoice number.

   Part II of the form is the "Certification" to be completed, signed and dated by the manufacturer's custodian of records upon receipt of the form. In each instance here, the record custodians verified that the information in Part I, concerning the manufacture and initial shipment of the weapons, was correct.

Cir.1978)[3], defendant's attorney objected on hearsay grounds to the admission of the trace forms to prove the interstate commerce element of a violation of 18 U.S.C. § 1202(a)(1). The government argued that the forms were business records and should be admitted as an exception to the hearsay rule. Referring to the overwhelming trustworthiness of the records and to the unreasonableness of requiring the government to produce the record custodians, the trial judge overruled defendant's objection and admitted the forms into evidence:

> There is no reason in the world why a manufacturer of a weapon would have any reason to make a false entry in a record of this sort which is routinely sent out by the Bureau of Alcohol, Tobacco and Firearms, and I think it ought to be admissible.

> I don't think that the Government is required to bring custodians from all over the country to prove the simple fact such as place of manufacture as evidenced by the records, so I'll overrule your objection.

The trial court also overruled defense counsel's hearsay objections to Agent Parker's testimony that the Savage Arms Company had never manufactured firearms in Maryland.

**3.** In *United States v. Davis*, 571 F.2d 1354 (5th Cir.1978), the Fifth Circuit ruled that ATF trace form F. 7520.4 was not admissible as a business record exception to the hearsay rule under Fed. R.Evid. 803(6). The *Davis* court further concluded that, because the government had not given the defense advance notice of the hearsay evidence to be offered at trial, the residual hearsay exception under Fed.R.Evid. 803(24) was likewise inapplicable. *Id.* at 1360 n. 11.

**4.** Fed.R.Evid. 803(6) provides that records of regularly conducted activity are not excluded by the hearsay rule, despite the availability of the declarant. These records include:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum,

Simmons was convicted and this appeal followed.

### II.

On appeal, Simmons contends that the ATF trace forms and Agent Parker's testimony, concerning the place where the weapons were manufactured, constitute inadmissible hearsay and violate his right of confrontation under the sixth amendment to the United States Constitution. The government, on the other hand, submits that the ATF forms are admissible either under Fed.R.Evid. 803(6) as business records or under the residual exception to the hearsay rule, Fed.R.Evid. 803(24). The government also argues that Agent Parker's testimony was not hearsay and was sufficient to supply the interstate commerce element of the offenses. Although we cannot accept the government's argument that the trace forms are admissible as business records under Rule 803(6),[4] we agree with the government that the forms are admissible under Rule 803(24). We also conclude that Agent Parker's testimony was sufficient to demonstrate that the Savage rifle had been transported in interstate commerce.

Fed.R.Evid. 803(24) provides that:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

We agree with Simmons that the ATF forms are not business records within the meaning of Rule 803(6). These forms were neither made for a regular business purpose by the manufacturer nor completed at the time the weapons were manufactured, shipped, or sold. Moreover, the records were not kept in the regular course of the ATF's business at the time of manufacture or shipment. *See United States v. Houser*, 746 F.2d 55 (D.C.Cir.1984); *United States v. Davis*, 571 F.2d 1354 (5th Cir.1978).

**(24) Other exceptions.** A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

We find that the ATF trace forms meet all of the requirements of Rule 803(24). In the first place, the forms were clearly offered as evidence of a material fact to prove the place of manufacture. Moreover, the district court found that the forms were more probative than any other evidence which could be reasonably procured, when it determined that it was not reasonable to require the government to bring in the record custodians from different parts of the country to prove this simple fact. Furthermore, as the district court concluded, there is simply no reason for the manufacturers of these weapons to falsify the entries on the routine ATF forms.[5] The forms thus have the circumstantial

guarantees of trustworthiness, equivalent to the other hearsay exceptions under Rule 803, and their admission serves the general purposes of the rules and the interests of justice.

As for the notice requirement of Rule 803(24), the Assistant United States Attorney stated at oral argument that he had given Simmons' counsel notice in advance of trial of the government's intention to introduce the ATF forms into evidence in order to establish the interstate commerce nexus. This notice is also demonstrated by the fact that during the government's direct examination of Agent Parker, Simmons' counsel objected to the forms as hearsay and immediately produced for the trial court and the government copies of the Fifth Circuit's opinion in *Davis, supra,* which addressed the applicability of Rules 803(6) and 803(24) to the ATF form at issue. We, accordingly, conclude that the ATF trace forms in this case were properly admitted into evidence as an exception to the hearsay rule under Fed.R.Evid. 803(24).

Moreover, we find no merit in Simmons' argument that the admission of the forms violated his sixth amendment right to confront the witnesses against him. In *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Supreme Court held that when a declarant was not present to be cross-examined, the Confrontation Clause normally requires a showing of unavailability and a showing that the statement bears "indicia of reliability." 448 U.S. at 66, 100 S.Ct. at 2539. *See also, United States v. Lisotto,* 722 F.2d 85, 88 (4th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1682, 80 L.Ed.2d 157 (1984). The

---

**5.** As the government points out, the records concerning the manufacture of weapons are regularly kept by the ATF and manufacturers pursuant to a legal obligation. *See generally* 27 C.F.R. Part 178 (1984). Manufacturers are required to keep records of the characteristics of the firearm, the date of manufacture, and data relevant to where the firearms are shipped. 27 C.F.R. § 178.123 (1984). The information is required to be entered within seven days of the manufacturing or shipping. 27 C.F.R. §§ 178.-123(a) and (b) (1984). The ATF is responsible

for verifying that the manufacturers' records are kept and has authority to inspect. 27 C.F.R. § 178.121(b) (1984). Failure of the manufacturers to keep the required records could result in the loss of their license to manufacture and sell arms. *See* 27 C.F.R. § 178.73 (1984). Furthermore, if the manufacturers fail to keep the required records, fail to properly maintain the records or make a false entry in the records, they are subject to criminal penalties. 27 C.F.R. § 178.121(c) (1984).

*Roberts* court acknowledged, however, that the Confrontation Clause problems of hearsay evidence could not be resolved by any one analysis:

> The Court, however, has recognized that competing interests, if "closely examined" *Chambers v. Mississippi*, 410 U.S. [284] at 295, 93 S.Ct. [1038] at 1045 [35 L.Ed.2d 297 (1973)], may warrant dispensing with confrontation at trial. See *Mattox v. United States*, 156 U.S. [237] at 243, 15 S.Ct. [337] at 340 [39 L.Ed. 409 (1895)] ("general rules of law of this kind, however beneficient in their operation and valuable to the accused, must occasionally give way to considerations of public policy and the necessities of the case"). Significantly, every jurisdiction has a strong interest in effective law enforcement, and in the development and precise formulation of the rules of evidence applicable in criminal proceedings. See *Snyder v. Massachusetts*, 291 U.S. 97, 107, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934); *California v. Green*, 399 U.S. [149] at 171–72, 90 S.Ct. [1930] at 1941–42 [26 L.Ed.2d 489 (1970)] (concurring opinion).
>
> This Court, in a series of cases, has sought to accommodate these competing interests. True to the common-law tradition, the process has been gradual, building on past decisions, drawing on new experience, and responding to changing conditions. The Court has not sought to "map out a theory of the Confrontation Clause that would determine the validity of all ... hearsay 'exceptions.'" *California v. Green*, 300 U.S., at 162, 90 S.Ct., at 1937.

448 U.S. at 64–65, 100 S.Ct. at 2538.

The policy interest in minimizing expense and delay, to which the trial court alluded below when it admitted the ATF forms, must be balanced against the utility of the Confrontation Clause to the defendant. In *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), the Supreme Court found that the utility of trial confrontation was so remote that it did not require the prosecution to produce a seemingly available witness. *See Roberts*, 448 U.S. at 65 n. 7, 100 S.Ct. at 2538 n. 7. In this case, we conclude that the actual utility of confronting the firearms record custodians would have been minimal, and that it is highly unlikely that the custodians would have done anything but confirm the simple factual statements made on the trace forms.

The second element of the Confrontation Clause requirement is the reliability factor. As the *Roberts* court stated:

> The Court has applied this "indicia of reliability" requirement principally by concluding that certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the "substance of the constitutional protection." This reflects the truism that "hearsay rules and the Confrontation Clause are generally designed to protect similar values," and "stem from the same roots." It also responds to the need for certainty in the workaday world of conducting criminal trials.

448 U.S. at 66, 100 S.Ct. at 2539 (citations and footnote omitted). Clearly, the simple, factual statements presented on the forms, particularly when considered in light of the legal requirement for manufacturers to maintain firearms records (*see* 27 C.F.R. Part 178 and note 4, *infra*), exhibit an exceptionally high degree of reliability. Further reliability is demonstrated by Agent Parker's testimony that he had never sent a trace form to Smith and Wesson outside of Massachusetts or to Sterling Arms outside of New York. We, therefore, conclude that the "indicia of reliability" prong is met and that appellant's argument under the Confrontation Clause must fail.

Finally, we reject Simmons' assertion that Agent Parker's testimony concerning the out-of-state location of the Savage Arms Company was inadmissible hearsay. Agent Parker testified that he had worked with ATF for nine years, primarily dealing with firearms, and had conducted over a thousand similar firearms investigations. He further testified that based on his personal knowledge and experience, the

Savage Arms Company had never had a manufacturing plant in Maryland. This statement is not hearsay, but is based on the personal knowledge of an experienced witness who was available for cross-examination. We conclude that Agent Parker's testimony as a firearms expert was sufficient to show the required interstate commerce nexus for the Savage rifle. *See United States v. Sickles*, 524 F.Supp. 506, 511–12 (D.Delaware 1981), and *United States v. Stine*, 458 F.Supp. 366, 371 (E.D. Pa.1978) (ATF agent's unrebutted expert testimony was sufficient to establish the place of manufacture and to prove the element of interstate shipment of the firearms).

## III.

For the foregoing reasons, Simmons' convictions for violating the provisions of 18 U.S.C.App. § 1202(a)(1) are affirmed.

AFFIRMED.

SPROUSE, Circuit Judge, dissenting:

I respectfully dissent. In my view, the admission of the ATF forms to prove that the Smith and Wesson pistol was manufactured in Massachusetts and the Sterling Arms pistol in New York is contrary to both the spirit and letter of Fed.R.Evid. 803(24).[1] I also feel that Agent Parker's testimony that the Savage rifle could not have been manufactured in Maryland was inadmissible hearsay.

Rule 803(24) requires not only that a hearsay statement admitted under its authority have circumstantial guarantees of trustworthiness equivalent to the other rule 803 exceptions, but that the court determine that "the statement is more proba-

tive on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts...."[2] The admission of the ATF trace forms satisfied neither of these requirements. In the first place, the government made no showing at trial of the trustworthiness of the forms.

Rather, the district court expressed its view that a weapons manufacturer would have no reason to provide incorrect information on the trace form. ATF Agent Parker had testified that manufacturers are required by law to keep detailed records of the shipment of firearms subsequent to their manufacture. The government asserts that those records provide the basis for completion and certification of the trace forms. Agent Parker's testimony indicated, however, that he knew nothing about the actual record keeping activities of either Smith and Wesson or Sterling Arms. The assumption that the manufacturer will obey the law does not, I feel, establish the kind of reliability that the rules' drafters contemplated nor is that which is contemplated by the confrontation clause of the sixth amendment. I think the rationale of the Fifth Circuit opinion in *United States v. Davis*, 571 F.2d 1354, 1358–60 (5th Cir.1978), applies equally here. *Davis* reversed the trial court's admission of a similar trace form under rule 803(6) without authentication by testimony of a custodian or other reliable evidence.

The *Davis* court stated "in being saved an appearance before the jury, [the custodian] was rendered immune to cross-examination, thus eliminating the possibility that the defense might be able to keep his testimony from the jury altogether by showing

---

**1.** I fully concur in the majority's rejection of Fed.R.Evid. 803(6) as a basis for the introduction of the ATF trace forms. The ATF forms were not business records within the meaning of rule 803(6) of either the weapons manufacturers or the Bureau of Alcohol, Tobacco and Firearms.

**2.** In addition, a statement may not be admitted under this exception unless the proposed party has given notice "sufficiently in advance of the trial or hearing to provide the adverse party

with a fair opportunity to prepare to meet it ... and the particulars of it, including the name and address of the declarant. *See Fong v. American Airlines, Inc.*, 626 F.2d 759, 763, n. 3 (9th Cir.1980); *Huff v. White Motor Corp.*, 609 F.2d 286, 295 (7th Cir.1979). *See also 4 Weinstein's Evidence*, ¶ 803(24)[01] 803–379 to 803–380 (1984). The trial court should make the rule 803(24) findings explicitly on the record, unless there is a waiver explicitly, or by silence, or the basis for the ruling is obvious. *Id.* at 803–373.

that a condition essential to admissibility under rule 803(6) could not be met." *Id.* at 1359. The same rationale should apply when the government, failing to satisfy the requirement of rule 803(6), attempts to circumvent that evidentiary weakness by introducing the document under rule 803(24). *See Fong v. American Airlines, Inc.,* 626 F.2d at 763 (statement to be admitted under rule 803(24) exception must have circumstantial guarantees of trustworthiness equivalent to those present in the traditional exceptions to the hearsay rule).

Second, I feel that the district court should have excluded the hearsay statements expressed by the trace forms because the government did not establish that the evidence was "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Fed. R.Evid. 803(24). The proponent's burden is not a light one for the residual exception is to be "used very rarely, and only in exceptional circumstances." *See Huff v. White Motor Corp.,* 609 F.2d at 291, citing Committee on the Judiciary, S.Rep.No. 93–1277, Note to Paragraph (24), 28 U.S.C.A.Fed.R. Evid. p. 583 (1975); *see also United States v. Kim,* 595 F.2d 755, 765 (D.C.Cir.1979) (rule 803(24) intended to be a narrow exception to the hearsay rule applying only in exceptional circumstances); *Fong v. American Airlines, Inc.* 626 F.2d at 763 (rule 803(24) exception is not to be used as a new and broad hearsay exception). Furthermore, the party who would benefit from the exception clearly bears the burden of showing that requiring alternative means

of proof would be unreasonable. *Pittsburgh Press Club v. United States,* 579 F.2d 751, 758 (3rd Cir.1978). In this case, I feel the government did not meet that burden.

The government offered the evidence as proof of an essential element of the defendant's crime. The government, however, did not offer, nor did the court require, any evidence of the *unreasonableness* of producing the custodians from Massachusetts and New York for trial at Baltimore. The court admitted the ATF trace forms on the basis of its summary conclusion that it would be unreasonable to require the government "to bring custodians from all over the country to prove the single fact such as place of manufacture." The court ruled, in effect, that requiring the government to subpoena record custodians is *per se* unreasonable where the ATF trace forms are available to prove that the seized firearms had once been in interstate commerce. Such a *per se* rule with respect to the trace forms is inappropriate, and I would reach the contrary result given the facts of this case.

Producing the in court testimony of the record custodians to establish the interstate nexus, an essential element of the indictment, would have been inconvenient for the government, but not unreasonable. The majority opinion, I fear, permits the substitution of a convenience standard for the reasonableness standard of rule 803(24) and allows only the most cursory and conclusory determinations by a district court to establish a basis for admitting evidence under that exception.[3]

---

**3.** The record is not entirely clear as to whether the government satisfied the requirement that the proponent provide the opposing party with advance notice of its intent to offer evidence under the rule 803(24) exception. For that matter, at trial neither the proponent nor the district court offered rule 803(24) as the basis for admission. The government at oral argument and in its brief stated that it had provided advance notice to defendant's counsel. The government also asserted that proof of notice could be inferred from defendant's ability at trial to cite precedent for his objection to the introduction of the forms. Circuit court interpretations of the notice required under rule

803(24) are significant in this respect. In *United States v. Oates,* the Second Circuit stated: "There is absolutely no doubt that Congress intended that the requirement of advance notice be rigidly enforced." 560 F.2d 45, 73 n. 30 (2d Cir.1977). The court reviewed the legislative history of the exception and found that Congress included the notice requirement in rule 803(24) as a compromise to gain House support for the residual exception after the House had voted to delete the entire residual exception from the proposed rules. *Id. See United States v. Davis,* 571 F.2d at 1360 n. 11 (rule 803(24) not to be considered as a basis for admission where government at trial made no attempt to invoke

I also disagree with the majority's conclusion that Agent Parker's testimony alone was sufficient to establish the requisite interstate commerce nexus for the Savage rifle, which bore no serial number. Parker testified that, to the best of his knowledge, Savage had never operated a manufacturing plant in the State of Maryland and that only one weapons company had ever maintained a plant in Maryland. While it is conceivable that the testimony of an ATF agent with nine years' experience could be sufficient to establish the interstate nexus of a firearm, I do not believe that Parker's testimony fits into that category. Although the government argued that an agent operating in the Maryland region would be familiar with any weapon manufactured in the state, Parker, at trial, was unable to provide the name of the manufacturer which he believed was the only manufacturer to have operated in Maryland. The government failed to show that Parker's testimony was competent nonhearsay evidence, and not cumulative hearsay regarding Savage's manufacturing operations prior to Parker's service as an ATF agent. His testimony, in my view, cannot sustain a conviction requiring proof even of a minimal interstate nexus.

In sum, the district court allowed the government to prove its case based on inadmissible hearsay evidence. The government should have either produced the records custodians or complied with the requirement of Rule 803(24).

exception by giving defendant required advance notice); *contra Furtado v. Bishop,* 604 F.2d 80, 91 (1st Cir.1979) (courts should interpret pretrial notice somewhat flexibly); *see Piva v. Xerox Corp.,* 654 F.2d 591, 596 (9th Cir.1981) (notice requirement not strictly enforced where plaintiff has ample opportunity to attack trustworthiness of hearsay; plaintiff's attorney cross-examined expert witness and had more than a year after admission of evidence to rebut or move to strike). It would seem that parties seeking to invoke rule 803(24) would meet their burden by providing written notice in advance of trial. The district court should ascertain for the record that notice has been given. A full record· on this issue is particularly important where the government seeks to introduce hearsay evidence under Rule 803(24) in a criminal prosecution. Certainly, neither the district court nor this court should be left to infer that the proposing party has given notice.