IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10069
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD BERNARD WALDER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-185-1-T
--------------------
September 14, 2000

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:*

Ronald Bernard Walder was convicted by a jury for being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). Walder contends that there was insufficient evidence to support this conviction. A § 922(g)(1) conviction requires the government to prove that (1) the defendant was a convicted felon; (2) who possessed a firearm; and (3) that the firearm was in or affected interstate commerce. United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997). The standard of review of the sufficiency of evidence to support a conviction is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt.  United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

Walder stipulated that he had a prior felony conviction. Walder argues that the government failed to prove the "in or affecting commerce" element because the Bureau of Alcohol, Tobacco, and Firearms (ATF) firearms trace summary admitted into evidence was hearsay.  The government asserts that the ATF trace summary is admissible under the residual exceptions to the hearsay rule contained in Fed. R. Evid. 807 (formerly Rule 803(24)).  The Fourth Circuit has approved of the current ATF procedures in United States v. Simmons, 773 F.2d 1455, 1460 (4th Cir. 1985), and we have cited the reasoning with approval. United States v. Ismoila, 100 F.3d 380, 393 (5th Cir. 1996). Even if the trace report was not admissible, the weapon is clearly marked that it was manufactured in China by Norinco. Contrary to Walder's argument, the jury did not have to draw multiple inferences to conclude that a weapon marked "Made in China" had traveled in or affected interstate commerce before it arrived in Grand Prairie, Texas.  See blue brief, 14-15.  The evidence is sufficient to prove that the firearm was "in or affected interstate commerce" for purposes of § 922(g)(1), regardless of whether the ATF trace summary is admissible.  See Scarborough v. United States, 431 U.S. 563, 575 (1977)(concluding that Congress intended to require only the minimal nexus that, at some time, the firearm had been in interstate commerce).

Walder also argues that it was error to admit an ATF form showing that he purchased the firearm in question as well as another weapon in 1993. Assuming arguendo, that the admission of the 1993 form was improper, the error was harmless. The district court specifically admonished the jury that the prior possession was not to be considered and Walder had already stipulated to being a felon. United States v. Williams, 957 F.2d 1238, 1243-45 (1992)(harmless-error determination is made by examining the alleged error in relation to the entire proceedings).

Walder has challenged the sufficiency of the evidence supporting the jury's finding that he possessed the weapon. Possession of a firearm may be actual or constructive and may be proven by circumstantial evidence. United States v. DeLeon, 170 F.3d 494, 496 (5th Cir.), cert. denied, 120 S. Ct. 156 (1999). "Constructive possession is the exercise of, or the power or right to exercise dominion and control over the item at issue." United States v. Speer, 30 F.3d 605, 612 (5th Cir. 1994)(internal quotation and citations omitted). Walder's statement to the ATF agent that he took the weapon to be pawned for the purpose of paying his rent establishes that he had dominion over the weapon even if the testimony that he did not touch the weapon was true. There is sufficient evidence to support Walder's conviction.

AFFIRMED.