**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4249**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DUSTIN WADE HINCKLE,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:15-cr-00027-GMG-RWT-1)

Submitted: October 31, 2016      Decided: December 21, 2016

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dustin Wade Hinckle appeals his conviction and 120-month sentence imposed after a jury found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and for possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012). On appeal, Hinckle raises four challenges.

First, Hinckle argues that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. We review de novo the denial of a Rule 29 motion. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). The jury verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." Id. (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (brackets and internal quotation marks omitted).

Hinckle challenges the sufficiency of the evidence that he possessed the firearms, a requirement under both §§ 922(g)(1) and 922(j). The Government, however, submitted sufficient proof that Hinckle constructively possessed the firearms. See United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005).

2

Second, Hinckle argues that the district court erred in qualifying a law enforcement agent as an expert on the interstate nexus of the firearms. We conclude that the district court did not abuse its discretion in qualifying the agent as an expert. See United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007) (setting out standard of review). This court has permitted law enforcement agents to testify as experts to establish the interstate nexus requirement. See, e.g., United States v. Williams, 445 F.3d 724, 740 (4th Cir. 2006); United States v. Simmons, 773 F.2d 1455, 1457-58 (4th Cir. 1985). We perceive no error in the district court's ruling in this case.

Third, Hinckle challenges the district court's denial of one of his objections to his presentence report.* On appeal, we afford considerable deference to a district court's determinations about the reliability of information in a presentence report, and "will not disturb [those determinations] unless we are left with the definite and firm conviction that a mistake has been committed." United States v. McDowell, 745

---

* Hinckle referred to two objections in his brief, but presented no argument to support one of them. Thus, we confine our analysis to the objection fully argued in the brief. See Fed. R. App. P. 28(a)(8)(A); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (observing that single conclusory sentence in argument section was insufficient to raise the issue on appeal).

F.3d 115, 120 (4th Cir. 2014) (internal quotation marks and citations omitted).

In particular, Hinckle argues that the district court erred by adopting the presentence report's award of one criminal history point for a diversionary disposition. "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding" counts as a sentence eligible for one criminal history point. U.S. Sentencing Guidelines Manual § 4A1.2(f) (2015). Hinckle contends that USSG § 4A1.2(f) does not apply to his diversionary disposition because the disposition sheet does not indicate that Hinckle entered a no contest plea nor does it contain a finding or admission of guilt.

The record, however, does not leave us with a definite and firm conviction that a mistake has been made. The district court judge recognized that Hinckle signed a no contest plea and that Hinckle's plea would be subject to W. Va. Code § 60A-4-407 (2006), which requires an admission or finding of guilt. See United States v. Martinez-Melgar, 591 F.3d 733, 738 (4th Cir. 2010).

Finally, Hinckle contests the reasonableness of his sentence. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). This review considers both the

4

procedural and substantive reasonableness of the sentence. Id. In assessing procedural reasonableness, we consider factors such as whether the district court properly calculated the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the sentence imposed. Id.

If no procedural errors exist, we consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. We presume the reasonableness of a sentence within the properly calculated Guidelines range. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id. Having found no procedural error, we conclude that Hinckle also failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5