**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-4673

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

JARELLE MCLEAN,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Mark S. Davis, District Judge. (4:16-cr-00034-MSD-RJK-1)

Submitted: May 30, 2017                      Decided: June 12, 2017

Before KING, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Andrew W. Grindrod, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarelle McLean appeals from his conviction following a jury trial of possession of a firearm and ammunition by a convicted felon. On appeal, he challenges venue, the expert firearm testimony, and the Government's closing argument. We affirm.

I.

McLean first argues that the evidence was insufficient to prove that the offense occurred in the Eastern District of Virginia. The parties agree that the evidence established that the offense occurred in Newport News, Virginia, and the parties agree that Newport News, Virginia, is located in the Eastern District of Virginia. However, McLean contends that the Government did not present evidence that Newport News is located in the Eastern District of Virginia. The Government asserts, *inter alia*, that McLean waived any objection by failing to raise the issue of venue in district court.

McLean contends that he preserved his claim by making a general motion for judgment of acquittal under Fed. R. Crim. P. 29, both at the close of the Government's case and at the close of all the evidence. McLean argues that his challenge to the sufficiency of the evidence on each element was sufficient to preserve a challenge to the Government's failure to prove venue. However, McLean's arguments are not supported by our case law.

First, we have noted that venue is not an offense element. *See United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012) ("Venue is not a substantive element of a crime." (internal quotation marks omitted)). In addition, we have held that a post-trial motion for acquittal that raises venue for the first time results in waiver of the claim,

2

rendering it unreviewable. *See, e.g., United States v. Delfino*, 510 F.3d 468, 473 n.2 (4th Cir. 2007) ("Because the Delfinos' improper venue claim was raised in their post-trial motion for judgment of acquittal and/or new trial, we conclude that it was untimely and that the claim is waived."); *United States v. Collins*, 372 F.3d 629, 633 (4th Cir. 2004) ("[I]f an indictment properly alleges venue, but the proof at trial fails to support the venue allegation, an objection to venue can be raised at the close of evidence."). Further, a bare Rule 29 motion for acquittal that does not mention venue waives the venue argument. *See United States v. Knox*, 540 F.3d 708, 716 (7th Cir. 2008). Accordingly, McLean's failure to specifically raise the issue of venue in district court has waived appellate review.

## II.

McLean next argues that the district court erred in permitting an agent to testify as an expert, both because his testimony violated Fed. R. Evid. 702 and because his testimony violated the Confrontation Clause. Specifically, McLean asserts that the agent's methodology was simply to rely on the ATF Tracing Center report, which is allegedly insufficient under Rule 702. Next, McLean argues that the trace history reports were prepared for litigation by out-of-court witnesses whom McLean was not able to confront or cross-examine.

We "review for abuse of discretion the district court's decision to admit expert testimony under Federal Rule of Evidence 702." *See United States v. Wilson*, 484 F.3d 267, 273 (4th Cir. 2007). The district court must be granted "considerable leeway in deciding in a particular case how to go about determining whether particular expert

3

testimony is reliable." *Id.* at 273 (internal quotation marks omitted). If an expert seeks to be qualified on the basis of experience, the district court must require that he "explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts." *Id.* at 274 (alterations in original) (internal quotation marks omitted).

In order to determine the reliability of an expert's methods, a district court should consider testing, peer review, error rates, and acceptability in the relevant scientific community. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993). However, as the Supreme Court stated in *Daubert*, the test of reliability is flexible, and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). In applying these principles, "the measure of intellectual rigor will vary by the field of expertise and the way of demonstrating expertise will also vary." *Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263 (7th Cir. 1996). Indeed, "genuine expertise may be based on experience or training." *Id.* The Advisory Committee notes to Rule 702 specifically note that "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702, advisory committee's note to 2000 amendment.

The agent testified to a long career involving firearm crimes and specialized training. He also stated that he trained others regarding firearms and had toured eight or nine firearms factories. The agent stated that he spent substantial time in hands-on

4

learning regarding "firearms, nomenclature, how they operate." J.A. 304.[*] He was trained at the ATF Tracing Facility regarding firearm production, manufacture, and design. The agent had testified "[n]umerous" times in front of every judge in the Norfolk and Newport News federal courts. *Id.* at 305. The agent testified that, although often he could look at a gun and know from experience where it was from or who produced or manufactured it, he will also rely on the Tracing Center report and do additional research.

Expert testimony is "admitted frequently in firearm prosecutions to establish that the firearm in question traveled in interstate commerce." *United States v. Conn*, 297 F.3d 548, 556 (7th Cir. 2002); *see also United States v. Corey*, 207 F.3d 84, 92 (1st Cir. 2000) (upholding admission of agent's expert testimony, based partly on conversations with Smith & Wesson's historian, that a Smith & Wesson firearm was manufactured in Massachusetts). The agent's testimony was based on his specialized knowledge of firearms, and he utilized his knowledge, his independent research, and information from the trace report to formulate a conclusion. Moreover, his conclusions about how and where the firearm was assembled would have aided the jury, as a layperson would not likely be familiar with these details, nor was this information otherwise in evidence. Thus, the district court's decision to qualify the agent as an expert did not constitute an abuse of discretion.

---

[*] Citations herein to "J.A. ___" refer to the contents of the Joint Appendix filed by the parties in this appeal.

Turning to the Confrontation Clause claim, McLean contends that the tracing report on which the agent relied constituted testimonial hearsay and that the authors of the report did not testify, thereby violating his right to confront his accusers. McLean contends that the agent acted as a mere conduit to introduce the inadmissible hearsay.

"The Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, provides that [i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009) (alteration and omission in original) (internal quotation marks and citation omitted). The Confrontation Clause "guarantees a defendant's right to confront those who bear testimony against him," and, therefore, a witness' testimony is "inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." *Id*. (internal quotation marks omitted) (quoting *Crawford v. Washington*, 541 U.S. 36, 51 (2004)). Moreover, such "testimonial statements" include "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 310 (quoting *Crawford*, 541 U.S. at 51-52).

However, while "*Crawford* forbids the introduction of testimonial hearsay as evidence in itself, . . . it in no way prevents expert witnesses from offering their independent judgments merely because those judgments were in some part informed by their exposure to otherwise inadmissible evidence." *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009). An expert's reliance on testimonial hearsay "only becomes a

6

problem where the witness is used as little more than a conduit or transmitter for testimonial hearsay, rather than as a true expert whose considered opinion sheds light on some specialized factual situation." *Id.* The test is whether the expert is giving an independent judgment or "merely acting as a transmitter for testimonial hearsay." *Id.* "As long as he is applying his training and experience to the sources before him and reaching an independent judgment, there will typically be no *Crawford* problem." *Id.*

Here, it is clear that the agent was not acting as a mere conduit for testimonial hearsay but applied his experience and training to determine that the firearm traveled in interstate commerce. The agent stated that, based on his training and experience, he made an independent conclusion as to where the firearm was manufactured and then he reviewed the tracing report, which was in agreement with his conclusion. Moreover, we have held that the ATF records exhibit "an exceptionally high degree of reliability" and cross-examining ATF custodians would likely do nothing but "confirm the simple factual statements made on the trace forms." *United States v. Simmons*, 773 F.2d 1455, 1460 (4th Cir. 1985) (accepting expert testimony that Smith & Wesson firearms are manufactured in Massachusetts). Given that the agent's testimony went substantially beyond merely repeating the hearsay evidence, the agent's testimony did not violate McLean's Sixth Amendment rights.

### III.

Finally, McLean claims the Government's closing argument constituted misconduct. Specifically, McLean asserts that the prosecutor portrayed the defense

7

attorney as deceitful, by claiming that he was attempting to distract the jury through the use of "smoke and mirrors." J.A. 466.

We review a claim of prosecutorial misconduct "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's remarks or conduct were improper and, second, the defendant must show that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." *Id.* In addition, because McLean did not object during or after closing argument, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

We find that the prosecutor's characterization of the defense's strategy was not misconduct. The Government instead was commenting on the strength of the merits of the defense by focusing the jury on the officers' testimony regarding the encounter and the video evidence. Moreover, contrary to McLean's suggestion, the prosecutor's argument was not a personal attack on defense counsel, but rather a comment on the materiality of the defense's evidence. Accordingly, the Government's closing argument was not improper. *See United States v. Ruiz*, 710 F.3d 1077, 1086 (9th Cir. 2013) (finding no error in prosecutor's use of term "smoke and mirrors" to describe defense's case); *United States v. Davis*, 15 F.3d 1393, 1402-03 (7th Cir. 1993) (finding that Government's references to defense case as "hogwash," "trash," and "garbage" may have been undignified but did not violate defendant's due process).

8

Thus, we affirm McLean's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*